STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Appellant,

v.

Frank H. WRIGHT et al., Exceptions of James R. Knapp and Ruth M. Knapp, Respondents.

No. 46047.

Supreme Court of Missouri.

Division No. 1.

April 14, 1958.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for appellant.

Claude T. Wood, Richland, Dillard & Grossenheider, by Paul J. Dillard, Lebanon, A. Ronald Stewart, Springfield, for respondents.

WESTHUES, Judge.

The issue in this case is the question of damages in a condemnation case wherein land on which was located a motel owned and operated by James R. Knapp and Ruth M. Knapp was taken by the State Highway Commission for the purpose of constructing a limited access highway. State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S.W.2d 57; State ex rel. State Highway Commission v. James, 356 Mo. 1161, 205 S.W.2d 534. The motel was located at Hazelgreen, Missouri, which is about midway between Lebanon and Waynesville in Laclede County, Missouri.

The Knapps owned about 49 acres of land. The land taken by condemnation was a strip 218 feet wide and slightly less than ¼ mile in length. The Knapps' property consisted of a filling station, a cafe, and 8 buildings containing 14 motel units located north of old Highway 66. The old highway was on about the same level as the ground upon which the motel was located and there was convenient access from the roadway to the motel property. All of the ground upon which the motel and other buildings mentioned were located was taken, necessitating their removal. There remained a small residence north of the land taken for road purposes.

■ The condemnation suit was filed on November 4, 1954. Commissioners were appointed to assess damages and by their report the damages were assessed at $30,-000. This amount was deposited in the office of the circuit clerk for the benefit of the landowners. The State Highway Commission and the Knapps each filed exceptions to the report. A trial by jury was had in October, 1956, and the jury assessed the damages at $50,000. From the judgment entered, the State Highway Commission appealed.

Since the State Highway Commission claims that $30,000 is excessive and the Knapps claim that $50,000 is not excessive, the amount in dispute is in excess of $7,-500. Hence, appellate jurisdiction is in this court.

The main point briefed has to do with a change in the plans of the construction of the roadway with reference to the limited access to the property not taken for road purposes. The original plan contemplated access to Highway 66 at the extreme west end of the Knapp property. When the roadway was constructed, a side road was built along the north side of the main highway (that is, adjacent to Knapp property and parallel to said highway) from the west end of the property eastward to a point near which the motel had been located. This side road was built on property taken for road purposes.

The State Highway Commission asked the trial court for permission to amend its petition so as to reflect the changes in the plans. This was done before the jury was selected to try the case. On objection, the permission was refused. The case was tried on the theory that the side road was not in existence. The amendment offered reads as follows: "13.12 Relator will construct and maintain an outer roadway adjacent to Defendants' property and parallel with the thruway of said highway, which shall have a travel surface of 20 feet and shall extend from station 778+00 to station 786+00, to which outer roadway the abutting property owner shall have the usual right of ingress and egress."

The Knapps, in their brief, say that "The allowance or denial of an amendment to the pleadings in an action of eminent domain is a matter which lies largely within the trial court's discretion, the right to amend the petition is covered by rules of equity, and it would have been inequitable to allow the amendment in this case after the improvements had all been removed from respondent's property."

There are two matters which when taken together make the ruling of the trial court on the question of the amendment important. The first is the topography of the portion of the property not taken for road purposes. The other is the evidence introduced by the Knapps as to the cost of constructing a roadway from the west line of their land (where the original plans contemplated the only access) eastward to a point north of where the motel had been located. The land not taken is of little value. It is rocky and rough. In fact, there is a ravine, 40 feet or more in depth, between the west line of the property and the point where the motel had been located so that the access at the west end of the property to the highway would have been of no use to the Knapps. The only building left on the property not taken was a

small dwelling which was located a short distance north of where the motel once stood. This had been used as living quarters either for the Knapps or for their help at the motel. The side road constructed by the State Highway Commission is a convenient road for access to this dwelling which is located on the only level spot remaining on the property. It is agreed that even with the side road the property not taken is not worth more than $4,000. The witnesses for the Knapps placed the value at about $5 per acre or, in any event, not over $1,000.

Evidence was introduced on behalf of the Knapps, over the objection of the plaintiff-appellant, that the construction of a roadway from the west end of their property eastwardly over the ravine to the level ground would cost approximately $48,000. Evidence was also introduced that a road could be constructed along the west line of the property northward toward the Gasconade River, thence eastward, and thence southward to the residence at a cost of about $65,000. This evidence was given by a civil engineer and the witness detailed minutely what would be necessary to construct a road.

The question before us is, did the trial court err in denying the State Highway Commission permission to amend its petition and in not trying the case upon the true facts as they existed? Or was the trial court justified in trying the case upon a mythical set of facts? In such circumstances, justice prompts us to say that the trial court erred in ruling as it did. Cases to support our conclusion are easily found.

 We shall first dispose of the contention that it would have been inequitable to allow the amendment after all the improvements had been removed from the property. It was necessary, in any event, to move the motel and other buildings because that portion of the property where these buildings were located was taken for the roadway. To have moved the build-

ings farther north where the old residence was located would not have been of any benefit to the Knapps. It was admitted that the property not taken was so located with reference to the highway that it was not suitable for the operation of a motel. The point that it would have been inequitable to have allowed the amendment is without merit.

 The question remains whether the ruling of the trial court was an abuse of discretion. The case of St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 25 S.W. 192, 26 L.R.A. 751 (court en banc) was cited in the Knapp brief and also in the brief of the State Highway Commission. The question of whether a condemner should be permitted to amend a petition so as to show a change in the plans was treated in a separate opinion by Black, C. J. See 25 S.W. loc. cit. 197. That case, especially the opinion of Black, C. J., has been cited with approval by the courts of this and other states. The court therein held that the condemner, a railroad company, should have been allowed to show that two crossings (not shown on the plans of the original petition) were to be constructed for the benefit of the landowner. A rehearing was denied in that case in an opinion which is reported in 25 S.W. 906.

The question of whether an amendment should be allowed in a condemnation case showing a change in the plans which would be of benefit to the landowner was considered at length in the case of Union Electric Company v. Levin, Mo.App., 304 S.W.2d 478. It was there held, 304 S.W.2d loc. cit. 483, 484(5), that to deny an amendment in such circumstances would be an abuse of discretion. The court there further said, "The question at hand was exhaustively discussed and, we believe, positively settled so far as the instant case and the law of Missouri are concerned in St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 25 S.W. 192 and on rehearing, 25 S.W. 906, 908, 26 L.R.A. 751." See 304 S.W.2d loc. cit. 483(4), top of page.

In the Knapp brief, we also find cited "29 C.J.S. Eminent Domain § 265, p. 1236, note 73." Section 265 reads in part: "It is generally within the legal discretion of the court whether an amendment shall be allowed,[70] and on what terms;[71] but there are some amendments which should,[72] and others which should not,[73] be allowed." Under note 72, in the Cumulative Annual Pocket Part, we find the case of State of Washington ex rel. Eastvold v. Superior Court for Snohomish County, 48 Wash. 2d 417, 294 P.2d 418, which is an authority in point and against the contention of the present landowners. The Washington court cited with approval the St. Louis, K. & N. W. Ry. Co. case, supra. See 294 P.2d loc. cit. 422(9–11). It must be noted that the amendment which the State Highway Commission sought in this case did not pertain to any future, uncertain action nor to a promise of something not of binding effect, but by the amendment it was sought to present to a jury the actual condition as it existed. It must also be noted that the side road as constructed, not shown on the original plat, was of some benefit to the landowners. It is also important that by the amendment the condemner did not seek to appropriate more land or easements than originally planned. We, therefore, rule that the trial court erred in not permitting the amendment and in not permitting the condemner to show that the side road had been constructed.

■ It is contended that if the denial of the amendment was error, the case should not be remanded but the error be corrected by a remittitur of $4,000 which was the maximum value placed on the remaining property by any witness. We would be inclined to do this if it were not for the evidence introduced by the landowners with reference to the cost of building a roadway to gain access to that part of the land where the dwelling was located. The attorneys for the Knapps, in the argument, informed the jury and the trial court, at the time the evidence was admitted, orally instructed the jury that the evidence as to the cost of building a roadway was introduced for the sole purpose of showing that the cost would be prohibitive; for that reason the remaining property was worthless. It is our opinion that, even in view of the court's instruction, the evidence tended to becloud and confuse the issue as to the amount of damages to be assessed. The evidence of the cost of constructing a roadway would have been foreign to any issue in the case if the amendment had been permitted. The written instructions given to the jury stated that the only right of access was a 20 foot entrance at the west line of the Knapp land. That, of course, was not the true situation.

■ The evidence as to the damages varied. Witnesses for the State Highway Commission fixed the damages at less than $30,000. On the other hand, the witnesses for the Knapps testified that the difference in the value before and after condemnation was from somewhat less than $50,000 to $70,000. The Commission found the difference to be $30,000. The award of a commission in such cases may not be introduced in evidence in a trial before a jury. However, we may consider such fact in determining the question of whether the case should be retried or whether a remittitur would meet the ends of justice. It would be mere speculation on our part to say what damages a jury would have assessed had the case been tried on the true facts. We are of the opinion that on a retrial the question of damages sustained by the Knapps should be based upon conditions as they actually exist.

In view of the fact that this case is to be retried and the true facts presented to a jury, we need not consider other points briefed.

The judgment is reversed and the cause remanded.

All concur.