WILLIAM CRAWFORD and ARKANSAS CRAWFORD, appellants, v. CITY OF DES MOINES, appellee.

No. 51103.

(Reported in 124 N.W.2d 868)

November 12, 1963.

W. Lawrence Oliver, of Des Moines, for appellants.

Leonard C. Abels, Corporation Counsel, and Don Hise, Assistant City Attorney, both of Des Moines, for appellee.

THOMPSON, J.—This case comes to us upon the pleadings. Plaintiffs' amended and substituted petition alleged that they had been the owners of certain real estate in Des Moines abutting on Third Street; that in May 1961 the City passed its resolution, copy of which is attached, authorizing the Iowa State Highway Commission to improve Third Street by the construction of a freeway and relocating Second Street, and that in August, September and October of that year Third Street was so altered by relocation of Second Street in accordance with said resolution as to entirely cut off access to Third Street from the south and to substantially interfere with the light, air and view which plaintiffs' dwelling had enjoyed; and that they had no other access to the street. The petition further alleged that in December 1961 the defendant condemned plaintiffs' property, but the condemnation award was based on the depreciated value of the real estate, which was $5000 less than it would have been before the rights of access, air, light and view were cut off. Mandamus to compel condemnation of these rights was asked. The record shows that plaintiffs' action was first filed against the Iowa State Highway Commission, but that the court, upon an application for adjudication of law points, under rule 105, Rules of Civil Procedure, ruled against them, holding that the commission "is not liable for the damages sued for by the plaintiffs", and further that "all the issues raised by plaintiffs in this action were proper issues to be considered in said condemnation proceedings [presumably the proceeding of December 1961] and must be considered as having been adjudicated therein." The plaintiffs took no appeal from this ruling,

but then filed their present amended and substituted petition making the City of Des Moines the sole defendant.

The City was not a defendant in the original petition and was not a party when the ruling adjudicating law points was made.

To the amended and substituted petition the City filed its motion to dismiss, on four grounds: 1, that the court had no jurisdiction of the case because the ruling on request for adjudication of law points was a final judgment and since no appeal was taken it became the law of the case; 2 and 3, the plaintiffs do not allege they are the present owners of the property which they seek to have the defendant condemn, but affirmatively allege they are not the present owners; and 4, that they fail to state a cause of action for the reason they affirmatively allege the defendant did condemn their property. The trial court granted the motion to dismiss, without ruling on each ground separately; but apparently its ruling was based on the thought that the defendant was the present owner of the property. It is of course true that if any ground of the motion was good, the ruling must be upheld. State v. Eichler, 248 Iowa 1267, 1274, 1275, 83 N.W.2d 576, 580. So we must consider all grounds to determine whether the ruling was correct. Judgment was entered upon the ruling, the petition dismissed, and we have this appeal.

I. The first ground of the motion was based upon the ruling made in the case against the highway commission which, in addition to holding the commission was not liable for the damages asked, said that the issues raised in that petition were proper to be asserted in the condemnation proceedings of the City of Des Moines in December 1961 and "must be considered as having been adjudicated therein." At the time of the first ruling the highway commission was the sole defendant. It was only after this ruling that the plaintiffs filed their substituted petition against the present defendant. The City concedes that if the plaintiffs had commenced an entirely new action against the City they would have no basis for their claim of res judicata; but that, since they did not do this, but filed a substituted petition in the same action, they are bound by the ruling. We

think this is an unsound distinction. The present case is no more or less than a new action. An original notice was served upon the City; a new petition, which made it the sole defendant and in no way involved the original defendant, or so much as named it, was filed. We could pass over the defendant's contention at this point because the record does not show what the issues were in the defunct case against the highway commission; it is only from the arguments that we gather the plaintiffs were there attempting to secure the same relief they now ask against the City. But we think the general rules of res judicata also apply.

█ █ An adjudication is only a bar to further litigation if made in an action between the same parties and involving the same subject. Not only is there a failure to show the same subject was involved, but the City was not a party in the former case. There was no identity of parties, and so no proper claim of res judicata can be made in the instant action. Hoover v. Iowa State Highway Commission, 210 Iowa 1, 8, 230 N.W. 561, 564.

█ The court properly held, in the first case, that no action would lie against the highway commission, because the City, having authorized the change in grade and other improvements involved in the building of the freeway, became liable for the damages caused. Liddick v. Council Bluffs, 232 Iowa 197, 5 N.W.2d 361; sections 389.22 to 389.25 inclusive, Code of 1958. In holding, if it did so hold, that the issues in the abortive case against the highway commission were also to be decided against the plaintiffs because the property had been condemned by the City and all questions of damage arising from the construction of the freeway should have been decided there, or were necessarily abandoned, the court went beyond what was needed and, in fact, what was right. In any event, since we do not know the exact issues litigated there and because the parties were clearly not the same, we find no prior adjudication of the issues in the present case or anything which estops plaintiffs from asserting their present claim.

█ II. Grounds 2 and 3 of the motion to dismiss involve the same point: the record shows the plaintiffs are not the own-

ers of the property which they seek to compel the defendant to condemn. It is true that generally it is the owners of property to be taken by condemnation who must be compensated and who are entitled to litigate questions arising from condemnation proceedings or alleged unlawful takings. But we are here dealing with a right rather than the actual property. An owner of property may be entitled to damages for a taking for a public use, even though he has parted with his title and ownership before the award is paid. Thus, one who sells while condemnation proceedings are pending is entitled to the damages finally awarded as against his vendee, if his possession was taken from him while he still owned the property. If, however, his possession has not been disturbed during his period of ownership, but possession is taken by the condemnor after he has parted with title, his vendee or transferee may claim the awarded damages. The question is extensively discussed in Griffeth v. Drainage District, 182 Iowa 1291, 1293 to 1299 inclusive, 166 N.W. 570 to 572 inclusive. It is there said: "These [cited cases] settle that, if an injury to realty is fully completed and may be recovered for before the owner of the injured land sells, the damages due for the injury belong to the seller; * * *." Loc. cit. 182 Iowa 1294, 166 N.W. 571.

In the case at bar, the injuries for which recovery is sought were sustained before the plaintiffs parted with title, and so may be recovered by them. It is true that here the sale to the City was a forced one, by condemnation; but we see no reason why the same rule should not apply. If one who voluntarily sells his land may thereafter recover damages inflicted by a taking for public use while he had possession, one whose land is taken by a condemnation should retain the same right. The trial court was in error in sustaining the motion to dismiss on the ground that the defendant was the owner of the property involved and the plaintiffs no longer owned it. They still owned the right to damages for an unlawful taking of their rights of access, air, light and view.

III. The final ground of the motion to dismiss raises the question of what, in fact, was condemned in the proceeding of December 1961 when the City condemned the plaintiffs' realty.

It is the contention of the City that all matters which were necessarily involved in this condemnation, or which could have been determined therein, are finally decided; and since the plaintiffs did not appeal from the award as made the question raised by their petition for a writ of mandamus is now adjudicated and is no longer available to them. Again, we call attention to the fact that we are deciding this case upon the pleadings; and, as a corollary, that in so doing we take the well pleaded facts of the petition as verities. We are not convinced that the question of impairment of plaintiffs' right of access, air, light and view was involved in or decided by the December condemnation proceeding. The petition shows that the City first authorized the highway commission, by the construction of a freeway, to do certain acts which damaged plaintiffs' right of access to Third Street, and their rights to air, light and view; then that in the later condemnation the City took the property as depreciated by the loss of these items of value. We are told by the defendant in its brief the City condemned the property in connection with the River Hills Urban Renewal Project, an entirely different project from the construction of the freeway by the highway commission. Even without this aid to the record from the defendant, it appears from the petition that the loss of access, air, light and view was caused by the construction of the freeway, and we will not assume the City's condemnation of the entire property was connected with the freeway project. We meet the question as presented by the defendant. Could the now claimed damages for loss of access etc. have been asserted and determined in the condemnation proceeding? The measure of plaintiffs' damages in December 1961 was the value of their property, then depreciated at the time of taking. Crist v. Iowa State Highway Commission, 255 Iowa 615, 621, 123 N.W.2d 424, 427.

It is true that if the first taking of the right of access, air, light and view had arisen from the same project which later culminated in the taking of the entire property in the December condemnation, the plaintiffs might have had them assessed therein. Hermann v. North Pennsylvania R. Co., 270 Pa. 551, 113 A. 828; Re South Twelfth Street, 217 Pa. 362, 366, 66 A.

568, 569. Also, even when the damages arise from the taking for two different projects, the California Supreme Court has held that the trial court had discretion to consolidate the two claims in condemnation proceedings, apparently under the specific provisions of California statutes; and that the court did not abuse its discretion in so doing. Los Angeles v. Klinker, 219 Cal. 198, 25 P.2d 826, 90 A. L. R. 148. But there was no exercise of discretion here, even if the trial court had had such; nor do we have any statutes similar to those upon which the California court relied. It is evident that if the City is correct in its contention at this point, the damages incurred because of the loss of access, air, light and view arising from the construction of the freeway could have been claimed and paid in the Urban Renewal condemnation, and so paid from funds appropriated for and budgeted in the latter proceeding. This would amount to constructing the freeway in part from funds belonging to another project; a novel method of financing which could hardly be approved.

The general rule is thus stated in 29 C. J. S., Eminent Domain, section 220, page 1147: "* * * the damages and benefits resulting from separate works which do not form part of a continuous improvement cannot be assessed in the same proceeding * * *."

This seems to us the fair rule. If the plaintiffs had attempted to claim their damages for loss of access etc., in the December condemnation proceeding, they might well and properly have been met with the claim that it was a separate proceeding. Under the rule just stated, the damages now asserted in plaintiffs' petition could not have been claimed in the condemnation matter, and so they were not something that was or could have been decided therein.

It is not clear from the petition whether plaintiffs' access to Third Street was entirely cut off, or the street was merely closed at some point south of their property. If the latter is the case, see Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60.

The result of the defendant's position here, on the facts pleaded, if upheld, would be illegal confiscation of a substantial

part of plaintiffs' property, only faintly disguised, if at all, by a mask of technicalities. We conclude the trial court was in error in granting the motion to dismiss. The case is reversed and remanded for further proceedings in accord with this opinion.—Reversed and remanded.

All JUSTICES concur.