STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
(Plaintiff) Appellant,

v.

E. A. THURMAN and Dorothy H. Thurman,
(Defendants) Respondents.

No. 31738.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Motion for Rehearing or to Transfer to
Supreme Court Denied May 14, 1965.

Appellant's Application to Transfer
Denied June 14, 1965.

Respondents' Application to Transfer
Denied July 12, 1965.

Raymond S. Roberts, Farmington, for appellant.

J. B. Schnapp and Roy G. Cooper, of Schnapp, Cooper & Graham, Fredericktown, for respondents.

WOLFE, Acting Presiding Judge.

This is an action in condemnation to obtain easements for the construction of a limited access highway known as U. S. 67. The total area of the easement taken from the defendants, with which we are here concerned, amounts to 24.14 acres. The defendants were awarded $3,998 by the Commissioners appointed by the court, and the defendants and the State Highway Commission both filed timely exeeptions to the

Commissioners' award. Upon trial there was a jury verdict for defendants for $7,250. From the judgment upon the verdict the plaintiffs, Highway Commission, prosecutes this appeal.

The defendants' property consisted of a single tract of land containing 572.06 acres. It was used as a cattle farm, and according to defendants' evidence about 100 acres were cleared and are in pasture. The rest of it is in timber. The land has been cut over, and most of the timber is second growth. There is a county road along the west side of the property, but it is in no way connected with the highway for which this condemnation is brought. There is a creek upon the land and water in several places, including a spring that never goes dry. The defendants do not live upon the land, and there are no buildings upon it. It is all fenced with four strands of barbed wire.

The strip condemned is between 275 and 295 feet in width and runs in a general north and south direction for about 3500 feet. It contains 22.35 acres, and it divides the defendants' land so that on one side of the right of way there is an area of 509.92 acres, and on the east of the right of way there is an area of 39.79 acres. In addition to the 22.35 acres taken for the highway easement, a total of 1.79 acres were taken for the control of drainage and for maintenance purposes. Field entrances to the highway were provided for both the 39.79 acres on the east and the 509.92 acres on the west. At the present time only one strip of paving will be laid, but at a later date another strip of the same width may be put in with the entrances preserved and with a cross-over provided.

There was testimony that the only use to which the land was suited was that of grazing cattle, for which it is now used. It was also asserted by defendants' witnesses that new fencing would be required, and that loading chutes would have to be built in order to load cattle for transportation from one side of the highway to the other. There was also testimony that water gates would be necessary.

The witnesses for the defendants placed the total damage to the land caused by the lost acreage and the division of the area at sums ranging from $10,161 to $10,900. The witnesses for the plaintiff Highway Commission fixed the damages at sums ranging from $3,220 to $3,767. As stated, the verdict and judgment were for $7,250.

■ The first point urged is that the court erred in its ruling and remarks relating to the defendants' right of access to the highway. The petition covering all of the defendants named in the condemnation suit contained a paragraph designated number 5, in which it stated: "The right of direct access to, from, and across said part of the highway as herein set out, if any such right now exists, is and shall be extinguished or condemned." This had no application to the defendants herein for the reason that the highway was a new highway where none had existed before, and consequently there was no existing access taken from these defendants. State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S.W.2d 57.

■ The attorney for the State Highway Commission, in questioning a witness, asked if field entrances to both parts of the divided land of the defendants were provided. The attorney for the defendants objected on the ground that paragraph 5 of the petition above quoted showed that no entrances would be available. Then counsel for the Commission objected to the statement by defendants' counsel on the ground that it was prejudicial and requested the court to instruct the jury to disregard it. His objection was overruled and his motion denied. The court stated: "Apparently the petition speaks for itself." The statement by the attorney for the defendants was erroneous. (State ex rel. State Highway Commission v. Clevenger, supra). As a general rule, where a judge expresses his assent to an erroneous state-

ment of law made by counsel, it amounts to a misdirection of the jury and is prejudicially erroneous. Primmer v. American Car & Foundry Co., Mo.App., 299 S.W. 825.

The foregoing is particularly true in this case for the petition, in a paragraph designated 8.20, provided for a direct field entrance to the highway from the eastern part of the defendants' land and another from the western part. The plans which were filed with and made a part of the petition showed both field entrances and provision for the building of a cross-over when the future construction of the additional lanes should take place.

■ During the testimony the Judge stated that the court would not consider the plans, but would be guided only by the petition. He stated that the plans did not correspond with the petition as it related to entrances, and that therefore only the petition would be considered. This was also an erroneous statement, as the plans were a part of the petition (V.A.M.R. 86.-04), and were not in conflict with any other portion of it. As stated, both field entrances and provision for a cross-over were shown by the plans.

■ It is asserted that the court erred in sustaining an objection to a question asked by counsel for plaintiff State Highway Commission. The question was as follows: "All right. Now, after that field entrance, when this highway field entrance is there doesn't that make that land, immediately on the day of taking, more valuable because the highest and best use of it is for some type of commercial use like filling stations and things of that kind?"

The court did not err by sustaining the objection. For this question to have been proper, there would have to have been a commercial entrance provided. The Chief Designer of the Survey and Plan Department of the Commission testified that a

commercial entrance differed from a field entrance, for it required a post or curbed island from ten to twenty feet in depth. No provision for such an entrance was made in the plans, and the court properly sustained the objection.

Other points are raised, but since the matter must be retried for the errors noted, we need not pass upon them as they probably will not occur upon retrial.

For the errors above noted, the cause is reversed and remanded for a new trial.

ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.