ERNEST W. ROWLEY v. ARKANSAS STATE HIGHWAY COMMISSION

5-4201                                     413 S. W. 2d 876

Opinion Delivered April 24, 1967

*Gordon* and *Gordon*, for appellant.

*John R. Thompson* and *Joe T. Gunter*, for appellee.

PAUL WARD, Justice. This is an action where the Arkansas Highway Commission (appellee) sued to condemn, for highway construction purposes, land belonging to Ernest W. Rowley (appellant). The decisive issue on appeal requires an interpretation of Ark. Stat. Ann. § 76-536 (Repl. 1957) which is § 3 of Act 115 of the Acts of 1953. Since the facts out of which the issue arises are not in dispute they will be briefly stated.

Appellee's complaint, filed November 1, 1963, sought to take the fee in .04 acres of land; at the same time appellee deposited in court $2,000 as the estimated value, and; filed a declaration of taking as provided in Ark. Stat. Ann. § 76-534 (Repl. 1957). Also on the same day the court entered an Order of Possession giving appellee "the right of immediate entry onto the possession of the property ..." On December 4, 1963 appellant answered, stating the $2,000 was grossly inadequate and asking for just compensation. Later, at appellant's request he was given permission by the court to withdraw the $2,000 deposit.

On July 14, 1965 appellee filed an Amendment to its Complaint and also an Amendment to its Declaration of Taking, asking the trial court to allow it to take only a part of the land originally sought. Then appellant filed a Motion to strike the amended complaint. A response was filed by appellee, and, on February 7, 1966, the trial court overruled the Motion to Strike, stating appellant would have the right to prove any damage done to the land not taken.

On March 15, 1966 a jury was impaneled to determine the value of the land (as reduced by the amended complaint. The jury fixed the amount at $1,000. In entering the judgment for said amount in favor of appellant the trial court also entered judgment for $1,000 against appellant and in favor of appellee.

Appellant now prosecutes this appeal from the last portion of the above judgment, relying only on the following point:

"The trial court erred in permitting the appellee to abandon a portion of the lands originally taken."

It is our conclusion that appellant is correct and that the trial court erred in allowing appellee to amend its original complaint and declaration of taking.

The statute first referred to above, § 76-536, reads as follows, in all parts pertinent here:

"Immediately upon the making of the deposit provided for in Section 5 [§ 76-538] *title* to said lands in fee simple ...*shall* vest in the persons entitled thereto ..." (*Emphasis ours.*)

Appellee makes no contention that § 76-538 mentioned above was not complied with.

Appellee attempts to evade the plain wording of the statute by citing numerous decisions from this and other jurisdictions which concededly hold that the condemnor can amend its complaint to take less property than first asked for. However, they have no persuasive value here because they were decided before the enactment of the statute here relied on by appellant. Ark. Stat. Ann. § 76-536 (Repl. 1957) is § 3 of Act No. 115 of 1953. Prior to 1953 this state had no statute similar to the one just mentioned, nor does it appear that the cited decision from other jurisdictions were confronted with any such statute.

It is argued, also, by appellee that it would be against public policy to require the State to purchase more property than it needs or can use. This argument, however, is answered by Ark. Stat. Ann. § 76-548 (Repl. 1957) which gives the Highway Commission the right to sell any real property "which is no longer necessary or desirable for State Highway purposes ..."

The cause is therefore reversed and remanded for further actions consistent with this opinion.