**STATE of Missouri ex rel., STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**William D. DUNARD et al., Exceptions of Gaylord Humes, et al., Defendants,**

**Gaylord Humes et al., Defendants-Appellants.**

**No. 34237.**

Missouri Court of Appeals, St. Louis District, Division 2.

Oct. 3, 1972.

Carter & Newmark, Joe Bill Carter, Clayton, for defendants-appellants.

Robert L. Hyder, Chief Counsel, Thomas E. Cheatham, Asst. Counsel, Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Landowners appeal from a judgment of $15,000 in a condemnation suit. The sole point raised here is that the court erred in allowing the State Highway Commission to amend its petition to show an additional access entrance from a side road to the remaining tract which side road was to be built in the future.

The property involved is an 86.8 acre tract located on Highway 61 (not a limited access road) in Lincoln County. The Commission sought to condemn 7.92 acres for right of way and 1.1 acres for a drainage easement for U.S. Route 61, a limited access highway. The original condemnation petition provided for one direct access point into U.S. Route 61. The amendment, made on the first day of trial, provided additionally for a 20 foot field entrance to a side road to be constructed. The field entrance was at the northwest portion of appellants' land; the direct access at the southwest portion. The land at the time of taking was predominately agricultural, although the residence located on the property was also used for commercial. If no access was provided in the vicinity of the field entrance proposed then movement between the house and barn and much of the remaining farm land with agricultural equipment would be difficult or impossible unless a bridge is built over creeks and low lying areas. This obviously would increase the damages to the landowners. Under those circumstances restriction or elimination of access as a result of condemnation is a compensable item of damage to the landowner. State ex rel. State Highway Commission v. Meier, Mo., 388 S.W.2d 855.

The landowners' complaint here is that the side road referred to may never be constructed and that they may therefore have lost an important access without compensation. The amendment should not have been permitted, appellants contend, because respondent "will have obtained a valuable property right of access from defendants without legal responsibility to provide that access." In support of this, reliance is placed upon State ex rel. State Highway Commission v. Hammel, Mo., 372

S.W.2d 852, and Hamer v. State Highway Commission, Mo., 304 S.W.2d 869. Both those cases held that the plans of the State Highway Commission may be changed or altered without liability to landowners who may have changed their position in reliance thereon. It should be noted, however, that each of those cases involved a change of plans before or during the condemnation proceedings, not a possible change after jury verdict as is involved here.

■ It has been held that a condemnor may amend its petition even at the time of trial. Whether such amendment should be permitted is largely within the sound discretion of the trial court. Particularly is this true where the amendment reduces the amount or extent of the taking or grants additional rights to the landowner. In that situation it has been held an abuse of discretion to refuse to allow the amendment because the condemnor should not be required to take more than he needs. State ex rel. State Highway Commission v. Wright, Mo., 312 S.W.2d 70 [3]; Union Electric Co. v. Levin, Mo.App., 304 S.W.2d 478 [4].

On the other hand it would clearly be unjust to permit a condemnor to condemn a lesser estate and thereafter by a change of plans increase the taking without compensation. And it has been frequently held that the Highway Commission is responsible for the proper and safe construction of the highways of the state, and must therefore have the power to make such changes in plans as are required for the public welfare and safety. State ex rel. State Highway Commission v. Hammel, *supra;* Hamer v. State Highway Commission, *supra.* The parties have briefed extensively the applicability of State Highway Commission v. Wright, *supra,* where the refusal of the trial court to allow an amendment very similar to that before us was held an abuse of discretion. But *Wright* does not determine this case, for there, although the amendment was worded as future construc-

tion, the access road referred to had in fact been built at the time of trial. In that posture it was held improper to prevent the condemnor from showing the true state of facts existing and requiring it instead to proceed upon a mythical set of facts. Here the record does not demonstrate that the side road has been constructed or is being constructed. On this record proposed future construction is in fact involved. That is the problem alluded to, but not decided in *Wright.*

■ The issue on this appeal must be determined by resolution of the question of whether a condemning authority may after judgment change its plans so as to actually take more than it condemned without paying additional compensation. If it may not then the landowner has a remedy if the plans are changed and is not prejudiced by trying the more restricted taking in the original suit. We have found no direct authority on that question in Missouri.

Some guidance is given, however, in St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 25 S.W. 192, and on motion for rehearing 25 S.W. 906. There, a condemning railroad sought to promise, by stipulation in the condemnation proceeding, to build the landowner two open crossings over the right of way as access between his remaining tracts which were bisected by the right of way taken. The trial court refused to accept the stipulation and instructed the jury to assess damages as if no crossings would be provided. The Supreme Court reversed and in the course of the opinion denying the motion for rehearing stated: "If the assessment of damages by the commissioners concludes the proceedings, the corporation would have the right to use the land appropriated according to such plans as it may see fit to adopt [Citation], *unless a particular manner of construction had been adopted, upon which the commissioners made their estimate, in which case it seems but equitable that, if the original plans were changed, the land-*

**660**

owner should be allowed additional compensation, if the change increased his damages. . . . No good reason can be seen why the condemning company should not have the right to announce, upon the trial, and have made a matter of record, if not done in its petition, the manner in which the right of way should be used; otherwise, the jury would have the right to make the award on the basis of the most injurious use to which the easement could be lawfully applied in the construction and operation of the road." (l. c. 907) (Emphasis supplied).

We believe that the emphasized language indicates that a change of plans made after the conclusion of the condemnation proceeding would warrant recovery of additional compensation by the landowner if additional damage was the result. Although the emphasized language in *Clark* is *dicta* it is compatible with the holding in State v. Basin Development and Sales Co., Inc., 53 Wash.2d 201, 332 P.2d 245, where the court treated a change of plans made after trial, resulting in additional loss as another condemnation for which just compensation must be awarded. And see Feuerborn v. State of Washington, 59 Wash.2d 142, 367 P.2d 143. Such an approach makes good sense. Section 227.050, RSMo.1969 (V.AM.S.) provides that the plans of the Highway Commission be filed with the county clerk. Supreme Court Rule 86.04 (V.A.M.R.) requires that those plans additionally be filed with the Circuit Clerk and be made a part of the condemnation petition by reference. They are therefore a part of the record in the case. State ex rel. State Highway Commission v. Thurman, Mo.App., 391 S.W.2d 603. If, therefore, subsequent action by the condemnor results in a larger taking than that set forth in the petition and plans, the extent of the taking originally litigated can be determined.

 We hold that the landowners are not without a remedy if the promises of access are not fulfilled. It was, therefore, proper to determine the landowners' damages on the basis of the promised additional access and the court did not err in permitting the amendment of the petition.

Judgment affirmed.

DOWD, P. J., and SIMEONE, J., concur.