Michael C. WINEINGER, Plaintiff-Appellant,

v.

Mary P. LOGAN, Defendant-Respondent.

No. KCD 26132.

Missouri Court of Appeals, Kansas City District.

June 4, 1973.

Price Shoemaker, Robert D. Colley, St. Joseph, for plaintiff-appellant.

Brown, Douglas & Brown, R. A. Brown, Jr., St. Joseph, for defendant-respondent.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and WILLIAM J. MARSH, Special Judge.

SOMERVILLE, Judge.

Plaintiff, while operating a motorcycle in St. Joseph, Missouri, was involved in an intersectional collision with an automobile operated by defendant. In answering plaintiff's petition, defendant pled general denial coupled with the affirmative defense of contributory negligence. Trial of the case resulted in a unanimous jury verdict in favor of defendant. Plaintiff's motion for a new trial was overruled and he perfected his appeal.

Plaintiff's postulate for reversal is bottomed on three grounds: (1) the lower court erred in overruling plaintiff's objection to defense counsel, in his closing argument, arguing to the jury that if defendant was ninety-eight percent negligent and plaintiff only two percent negligent, plaintiff was not entitled to a verdict; (2) the lower court erred in admitting, over objection of plaintiff, testimony by witnesses of defendant that plaintiff's motorcycle was "going fast"; and (3) the lower court erred in giving Instruction No. 6 (contributory negligence) submitted by defendant, because there was not sufficient evidence to sustain the disjunctive submission of excessive speed.

The focal point of plaintiff's first assertion arose, as follows, during the closing argument of defendant's counsel while discussing contributory negligence:

"By the same token, if there are two parties to an accident and one party is ninety-eight per cent and the other is two per cent, the plaintiff still doesn't recover.

MR. COLLEY (Plaintiff's counsel): Objection. This is not the law. The law is it must be substantially contributive, not two per cent.

MR. BROWN (Defendant's counsel): Any negligence of the plaintiff that contributes to cause the accident is a defense.

THE COURT: The Court has never seen it broken down, but Mr. Brown's last statement that contributory negligence is a defense is correct. Getting down to two per cent I haven't heard that though."

The above colloquy occurred in the presence of the jury. Immediately thereafter, defendant's counsel continued his closing argument without further reference to the indicted matter.

█ The trial court did not, pragmatically, dispose of or rule on plaintiff's objection. Rather, its statement was tantamount to approval of an erroneous statement of law made by defendant's counsel. MAI 32.01 succinctly and correctly states the applicable law of contributory negligence and requires a positive finding by the jury that "such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained". Causation is just as much a vital component of contributory negligence as it is of actionable negligence. The word "directly" is the vehicle employed by MAI to instruct on causation as to contributory negligence (MAI 32.01) and the word "direct" is employed to instruct on causation as to actionable negligence (MAI 17.01). The proliferation of statements made in presence of the jury denuded contributory negligence of causation. The statements are legally at war with and dissipate Instruction No. 6, which correctly submitted contributory negligence and causation. As a fortiori, the statements took causation out of the issue of contributory negligence, while Instruction No. 6 properly put it in. Substantially similar putting and taking of issues has been condemned as error. State v. Shain, 341 Mo. 733, 108 S.W.2d 351 (1937); Mahaney v. Kansas City, Clay County & St. Joseph Auto Transit Co., 329 Mo. 793, 46 S.W.2d 817 (1932). The "two percent" argument by defendant's counsel and his subsequent statement "any negligence of the plaintiff that contributes to cause the accident is a defense", both weaken, if not completely eliminate, the element of causation inherent in contributory negligence. Their tenor was such as to constitute an erroneous statement of law. Their approval by the trial court constituted a misdirection of the jury and was prejudicial error. State Highway Commission v. Thurman, 391 S.W.2d 603 (Mo.App. 1965); Primmer v. American Car & Foundry Co., 299 S.W. 825 (Mo.App.1927).

Since plaintiff's first allegation of error must be sustained, no protracted discussion of plaintiff's second and third allegations of error is necessary.

█ Briefly, State v. Watson, 216 Mo. 420, 115 S.W. 1011 (1909), Burke v. Shaw Transfer Co., 211 Mo.App. 353, 243 S.W. 449 (1922), State ex rel. Shaw Transfer Co. v. Trimble, 250 S.W. 384 (Mo.1923), Tutie v. Kennedy, 272 S.W. 117 (Mo. App.1925), and Buzbee v. Greyhound Lines, Inc., 467 S.W.2d 933 (Mo.1971), sustain the trial court's action overruling plaintiff's objection to testimony by defendant's witnesses that plaintiff's motorcycle was "going fast".

██ In determiing whether there was sufficient evidence to disjunctively submit excessive speed in defendant's contributory negligence instruction, the controlling gauge is consideration of the evidence "in the light most favorable to defendant" and giving defendant "the benefit of all favorable inferences reasonably deducible therefrom." Underwood v. Crosby, 447 S.W.2d 566 (Mo. banc 1969). Measured by this gauge, and without delineating the evidence apropos to the conclusion reached because of the controlling disposition heretofore made, the trial court did not err in disjunctively submitting excessive speed.

Judgment reversed and cause remanded for a new trial.

All concur.