ARKANSAS STATE HIGHWAY COMMISSION *v.*
Robert CHOATE et al

73-186                                    505 S.W. 2d 731

Opinion delivered February 19, 1974
[Rehearing denied March 25, 1974.]

*Thomas B. Keys* and *James N. Dowell*, for appellant.

*Troy Wiley* and *Joe Gunter*, for appellees.

CONLEY BYRD, Justice. The sole issue here is whether appellant Arkansas State Highway Commission can offset the benefits accruing to a piece of property in a second condemnation action against the damages accrued in a prior taking.

The record shows that appellee Robert Choate, Jr. owned a 3.10 acre tract subject to a mortgage in favor of his parents appellees Mr. and Mrs. Robert Choate, Sr. On July 25, 1968, appellant, through a declaration of taking and a deposit in court of $8,000, took 0.21 acres for construction of Highway 67-167 thereby cutting off all access to the remaining portion of the property. Before the trial to determine the damages suffered, appellant filed, pursuant to Ark. Stat. Ann. § 27-1305 (Repl. 1962), a motion to consolidate a second eminent domain action filed on May 26, 1972 in which 0.48 acres was taken from the same tract for construction of Highway 67B. The proof on the motion of the Highway Department showed that the second taking restored highway access to the remainder of the property. While the Highway Department's witness estimated the damages from the first taking in 1968 to be $8,000, he testified that if the two could

be considered as one taking the total damages would only be $5,426. The trial court denied the motion to consolidate.

The Highway Department here argues that the trial court erred in denying "the motion to consolidate in a single proceeding an assessment of all damages and benefits arising from acquisition of highway right-of-way by condemnation of portions of the same parcel of real estate, in the same ownership, for the same continuous highway improvement project." It cites as authority for its position such cases as *Arkansas Louisiana Gas Co.* v. *McGaughey Bros.*, 250 Ark. 1083, 468 S.W. 2d 754 (1971); *State Highway Comm. of Missouri* v. *Wright*, 312 S.W. 2d 70 (Mo. 1958); and *California Department of Public Works* v. *Chevalier*, 52 Cal. 2d 299, 340 P. 2d 598 (1959).

The first taking was accomplished under the authority of Acts 1953, No. 115, § 3 [Ark. Stat. Ann. § 76-536 (Repl. 1957)]. We have held that title vests in the Highway Department immediately upon the filing of a declaration of taking and of the deposit of the estimated just compensation; *Rowley* v. *Arkansas State Highway Comm.*, 242 Ark. 419, 413 S.W. 2d 876 (1967); and that the Highway Department cannot by amending its complaint and declaration abandon a portion of the lands taken. If the landowner does not immediately vacate the premises upon the filing of the declaration and the making of the deposit, he becomes liable for the reasonable rental value of the property. *Capitol Monument Company* v. *State Capitol Grounds Comm.*, 220 Ark. 946, 251 S.W. 2d 473 (1952).

When the department exercises its right to condemn the fee title the owner has no right of reversion upon abandonment of the highway. *Arkansas State Highway Comm.* v. *Marshall*, 253 Ark. 212, 485 S.W. 2d 740 (1972). The landowner's measure of compensation is to be determined at the time of the taking. *Arkansas State Highway Comm.* v. *Griffin*, 241 Ark. 1033, 411 S.W. 2d 495 (1967). The plans and specifications prepared by the Highway Department for constructing the highway must be taken into consideration in determining the value of the compensation where there is only a partial taking. *Arkansas State Highway Comm.* v. *Littlefield*, 247 Ark. 686, 447 S.W. 2d 146 (1969). When damages result from unlawful, improper or negligent con-

struction, the Highway Department takes the position that they cannot be reversed in an eminent domain action and that the owner is relegated in such case to his common law action. *Arkansas State Highway Comm. v. Dixon*, 247 Ark. 130, 444 S.W. 2d 571 (1969). Of course in such cases the property owner has no remedy at law; Ark. Const., Art. 5 § 20; *Roesler v. Denton*, 239 Ark. 462, 390 S.W. 2d 98 (1965); and must rely upon a claim before the State Claims Commission.

In *Arkansas Louisiana Gas Co. v. McGaughey Bros., supra,* there was an action by a corporation for the construction of a pipeline. We there permitted the assessment of all damages arising from the construction of the facility for which the right-of-way was taken including those arising from faulty construction. In so doing we said:

> "Whenever the contemplated construction for which a right-of-way is taken has not been completed, damages are assessed upon the presumption that it will be built with skill and proper precautions; however, if construction is complete at the date of the trial, the jury may consider the state of facts then existing in the light afforded by actual construction. The assessment of damages embrace all past, present and future damages, including those arising from faulty construction, which the location of the facility for which the right-of-way is taken may reasonably produce. . . . "

In *State Highway Comm. of Missouri. v. Wright, supra,* the plans at the time of the filing of the eminent domain action contemplated access to the highway at the extreme west end of the property. When the roadway was constructed a side road was built adjacent to the property providing access the full length of the property. The court following its rule that eminent domain actions may be amended at any time held the trial court abused its discretion in refusing to permit the pleadings to be amended to show the amendment of the plans.

In *People v. Chevalier, supra,* both takings were incidental to the construction of the Harbor Freeway in the City of Los Angeles. The freeway plans to prevent some dead-end city streets required the taking of some property not actually used

by the Harbor Freeway. Because the property owner questioned the authority of the state to condemn that portion of its property being taken for the city's street, the state and the city by agreement each filed eminent domain actions which the trial court consolidated for trial. The California Supreme Court there held that "[s]ince the state and city were acting in cooperation toward accomplishing the same improvement, there was no abuse of discretion in consolidating the actions for the purpose of allowing an evaluation of the combined effects of the project."

No case upon which appellant relies has gone so far as to hold that damages and benefits resulting from separate works which do not form part of a continuous improvement can be assessed in the same proceeding. Neither do those cases involve two eminent domain actions filed as much as four years apart. The authorities which do permit consolidation of separate takings consistently point out that the damages and benefits resulting from separate works which do not form part of a continuous improvement cannot be assessed in the same proceeding. See *Crawford* v. *City of Des Moines*, 255 Iowa 861, 124 N.W. 2d 868 (1968).

Admittedly the rule as to the allowance or disallowance of benefits against damages would work both ways—*i.e.*, when the first taking results in more benefits than damages should the property owner recover full damages in a second taking without regard to benefits. Some authorities take the position that once the rights become vested the situation would seem to be no different than as if the owner of the property had sold the right which was taken in the first eminent domain proceedings leaving him with some interest in the property. See *Crawford* v. *City of Des Moines*, *supra*, and 27 Am. Jur. 2d Eminent Domain § 356.

While the Highway Department here contends that the two takings were "for the same continuous highway improvement project," this assertion is not sustained by the record. The record shows only that the July 25, 1968 taking was for construction of Highway 67-167 and that the May 26, 1972 taking was for construction of Highway 67B.[1] There is

---

[1]The Highway Department did not contend in the trial court that the second taking was " . . . for the purpose of restoring Choate's access to his land."

nothing in the record to show that the construction involved in the 1968 taking was not complete before the filing of the 1972 action. Consequently, whether we treat the first taking as a closed transaction because of the great time lapse, because of the vesting of title or because the record does not demonstrate that the separate taking was a part of a continuous improvement, the result is the same. Accordingly, we conclude that the trial court did not abuse its discretion in refusing the motion to consolidate.

Affirmed.

GEORGE ROSE SMITH, BROWN, and JONES, JJ., dissent.

GEORGE ROSE SMITH, Justice, dissenting. The majority, in the view of the case that they take, have not found it necessary to state the facts that I regard as controlling.

Choate owned a 3.1-acre tract. The Highway Department, in connection with the construction of a controlled-access highway, filed an action to condemn 21/100ths of an acre, plus the landowner's rights of access thereto. The effect of that action was to deprive the owner of vehicular access to his remaining property, leaving it landlocked.

Thereafter the Highway Department filed a second action, to condemn an additional 48/100ths of an acre. The second taking was evidently for the purpose of restoring the owner's access to his land and in fact had that effect. The Department asked that the two cases be consolidated, so that the landowner's actual damages could be determined in the light of both takings. The landowner resisted that motion, insisting that the two cases, involving the same tract of land, be tried separately, as if one had no bearing upon the other. The trial court sustained the landowner's position, with the result that the first case was tried as if the second taking did not exist.

It is fair to say that the trial understandably became a farce to everyone in the courtroom except the members of the jury, who were of course unaware of the true situation. Choate, the landowner, testified that his property, which included two commercial buildings rented to a third person,

was worth $45,000 before the taking but only $200 after the taking, because he had no access to it. His expert witnesses and, perforce, those of the condemnor gave similar opinions. Needless to say, the picture thus presented to the jury was purely imaginary, for on the day of trial Choate presumably had complete access to his property, not only then but for all time to come. The jury's verdict was for $20,000—which was not for the trivial acreage that was actually taken but for the entire tract, including the improvements. Thus Choate emerged from the trial in the remarkable position of still owning his property and at the same time being paid in full for it by the State.

There is nothing novel about the consolidation of two lawsuits. The statute provides for that procedure when it appears to be reasonable. Ark. Stat. Ann. § 27-1305 (Repl. 1962). In fact, the theories of the two complaints do not even have to be consistent with each other, as they actually are here. Only a few years ago, when a cause of action in tort and a cause of action for breach of warranty could not be joined in the same complaint in Arkansas, it was standard procedure with attorneys in products liability cases to file separate suits upon the two theories and then ask that the cases be consolidated for trial. No one questioned that procedure, because it obviously led to a just result—which is what the law should be all about.

In the case at bar, according to the landowner's argument, the two condemnation cases could not be joined or consolidated because of our holding in *Rowley* v. *Ark. State Highway Commn.*, 242 Ark. 419, 413 S.W. 2d 876 (1967). There the Highway Department, upon filing an action to condemn a tract of land, also filed a declaration of taking (as in the case at bar), by which it acquired the fee simple title to the property. Later on the Department sought to amend its complaint to abandon a portion of the tract. We refused to allow the amendment, holding that if the Department had taken more land than it needed it was at liberty, under the statutes, to sell the property. Consequently the landowner could not be forced to take back a part of his land.

That case and this one are wholly dissimilar. Here the Highway Department is not seeking by amendment to take

less land than before. To the contrary, it seeks to take more. In effect it is mitigating the landowner's damages. Why then should that involve a separate suit, not subject to consolidation, when the same landowner and the same tract of land are involved? Apparently the majority's position is that the *Rowley* case is in point, for the reason that the first suit took Choate's *access* to his land, while the second suit would give back that access. The analogy is obviously unsound. In the *Rowley* case the Department, having taken too much land, was in a position to dispose of the surplus by public or private sale. But, in the case at bar, just how would the Department go about making a sale of the *access* to Choate's land? Thus *Rowley* has much the same similarity to this case as night has to day. I would reverse the judgment and direct that the two cases be consolidated for trial, as the only means of assuring justice to all concerned.

BROWN and JONES, JJ., join in this dissent.