The Honorable Larry Mitchell State Representative P.O. Box 81 Bryant, AR 72022-0081
Dear Representative Mitchell:
This is in response to your request for an opinion on the following questions:
 1. Does the Conflict of Interest Statutes (Section 19-11-704 through 19-11-715 of the Arkansas Code Annotated of 1987) allow the state to hire this worker and then restrict the vendor from doing business with the state institution that did the hiring or do the statutes only restrict the activity of the state employee?
 2. If the state prohibits the vendor from continuing to do business with a state agency because of this hiring, is the state liable for damages suffered by the vendor?
These questions are asked with reference to the following set of facts, as set forth in your correspondence:
 A state institution is introduced to a worker through a professional relationship with a vendor. The state is aware of the personal relationship of the worker to the owner of the business providing vendor services and supplies. That relationship is son of the owner/father. The vendor has had a multi-year on-going relationship with many institutions of the state, including where the son is to work. The state proceeds to hire the worker (son) while being aware of these relationships.
Please note that I have enclosed a copy of Advisory Opinion No. 483-92-03, issued by the Director of the Department of Finance and Administration on February 20, 1992, pursuant to A.C.A. §19-11-715 (1987). It is the conclusion of this opinion that under a factual scenario similar to that set forth in your question, no commodities or services may be sold by the vendor to or for the use of the state institution. I believe that this advisory opinion, which was issued pursuant to statutory authority, satisfactorily addresses your first question. The fact that the state was aware of the relationship of the worker to the vendor is, in my opinion, not dispositive of the question whether the state may restrict the vendor from doing business with the state institution.
With regard to your second question, if the vendor contends that there was a breach of contract as a result of the state's action, his recourse is to the Arkansas State Claims Commission. See
A.C.A. §§ 19-10-201—210 (1987 and Cum. Supp. 1991). There is, as a general matter, no remedy at law for damages against the state. Ark. Const. art. 5, § 20 (sovereign immunity); see alsogenerally Arkansas State Highway Commission v. Choate,256 Ark. 45, 505 S.W.2d 731 (1974).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure