BARNES, APPELLEE, *v.* KELLER, APPELLANT.

(No. 2206—Decided December 16, 1952.)

*Mr. Herbert M. Eikenbary* and *Mr. Raymond A. White,* for appellee.

*Messrs. Shaman, Winer, Shulman & Ziegler,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Municipal Court of Dayton. The action in replevin was instituted to recover the possession of two bear cubs. At the time the action was instituted, the bears were not in the actual possession of the defendant and were not taken by the officer who served the writ.

The court proceeded to determine the right of possession of the bears and took no evidence on the matter of damages.

In the judgment the court found that the plaintiff was entitled to the immediate possession of the bears, "from any and all parties holding and possessing same." The court ordered the defendant to return the bears to the plaintiff.

The defendant, appellant herein, has assigned six grounds of error. Defendant claims that he did not have either actual or constructive possession of the bears at the time the suit was instituted, and that, therefore, the court erred in proceeding to a hearing and judgment in an action of replevin. The point is made that the remedy is in conversion. *State, ex rel.*

*Story,* v. *Jennings,* 14 Ohio St., 73; *Simper* v. *Bentley,* 15 C. C., 515, 8 C. D., 356. The trial court found the bears to be in the constructive possession of the defendant. The record shows that when the defendant, a game warden, took the bears from the plaintiff to determine whether they had been taken out of the state of Michigan illegally, and brought into the state of Ohio, he immediately delivered them to a third person to care for and keep for him, since he did not have a proper place to house them at the time. The legal maxim, *"qui facit per alium facit per se,"* is applicable here. The court was correct in concluding that the bears were in the constructive possession of the defendant.

We find no error committed in the failure of the trial court to make the owner of the bears a party defendant. Mary Ikert appeared as a witness and claimed ownership as against the plaintiff, claiming her mother had turned the bears over to the plaintiff without her knowledge or consent. At no time did she file an application to be made a party to the action. Section 11263, General Code.

Defendant claims the trial court erred in its judgment in finding that the plaintiff was entitled to the possession of the bears "from any and all parties holding and possessing same." The issue presented here was the right of possession as between the plaintiff and the defendant. It was clearly erroneous to attempt to adjudicate the rights of persons who were not parties to the suit. In the absence of a reversal of the judgment on other grounds, this court would enter the proper judgment on this issue.

Defendant contends that the trial court erred in ordering the defendant to return the bears to the plaintiff. This, together with other assignments of error, raises the principle question presented. The bears

were not found in the actual possession of the defendant and were not taken by the bailiff. Under this state of facts, what was the duty of the trial court?

Section 12070, General Code, which governs the procedure in replevin actions filed in the Common Pleas Court, in part, provides:

''When the property claimed is not taken or is returned to the defendant by the sheriff for want of the bond required of the plaintiff, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper.''

A similar provision is contained in Section 10477, General Code, which controls the procedure in replevin actions before a justice of the peace. Under either statutory provision, when the property is not seized, the action proceeds as one for damages only. The action, by force of the statute, without amendment, is regarded as one in the nature of an action of trover. 35 Ohio Jurisprudence, 431, Section 6.

In *Pugh* v. *Calloway,* 10 Ohio St., 488, the court, on page 492, said:

''The code also provides, that when the property claimed has not been taken, or has been returned to the defendant by the sheriff, for want of the undertaking required by section 179, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper. * * * We think the necessary effect is to render the proceeding one in the nature of an action of trover, and entitles the plaintiff in the action to recover damages, on the assumption that the defendant is to keep the property and pay the value, at least to the extent of the plaintiff's interest. Thus the statute operates as an amendment of the pleadings, and the proceeding in the action necessarily advises the party of the nature of the claim which he is expected to meet. No surprise

or injustice is likely to result, and we do not think any formal amendment is necessary."

In *Tischler* v. *Seeley,* 14 C. C. (N. S.), 236, 237, 12 C. D., 750 (affirmed without opinion by the Supreme Court in 60 Ohio St., 629, 54 N. E., 1110), the court said:

"Now, Section 5827, Revised Statutes, provides that, if the property is not taken or is returned for want of the undertaking, the action may proceed as one for damages. The statute does not specify any particular reasons or instances in which the property is not taken, but it is general and unqualified that, if the property is not taken, the action may proceed as one for damages."

On page 238, *ibid.*, the court said:

"Of course, the only result of a suit under such circumstances would be a money judgment. The property has passed beyond the process of the court."

In the instant case, the trial did not proceed as one for damages. The procedure at the hearing and the judgment rendered did not conform to the statute and constitutes reversible error.

The judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and MILLER, J., concur.