PER CURIAM.
The plaintiff, Patricia Main, appeals from an order denying her motion for attorney’s fees. We affirm.
Ms. Main’s 6.2 carat diamond was stolen in an armed robbery. Days later, unaware that the diamond had been stolen, Miami Money Store, Inc., a secondhand dealer, purchased the diamond for resale. After an undercover investigation, the City of Miami Police Department confiscated the diamond and retained possession pending a judicial determination of its rightful owner.
Ms. Main filed a third amended complaint against the City of Miami and Miami Money Store seeking a writ of replevin under Chapters 78 and 538, Florida Statutes (1991). The City of Miami was sued pursuant to Chapter 78, the general replevin statute, and Miami Money Store was sued pursuant to Chapter 538, the secondhand dealer statute, which provides for an action for replevin. § 538.08, Fla.Stat. (1991).
Although Miami Money Store had previously asserted that the diamond confiscated by the City of Miami Police Department was not the same diamond stolen from Ms. Main, during the bench trial, Miami Money Store stipulated that the diamond it had purchased was Ms. Main’s diamond. The trial court entered a directed verdict granting Ms. Main a writ of replevin against the City of Miami.
Ms. Main moved for an award of attorney’s fees as the prevailing party only against Miami Money Store pursuant to Section 538.08, Florida Statutes (1991). The trial court denied the motion. This appeal follows.
Attorney’s fees are recoverable only if provided for by contract or by statute. P.A.G. v. A.F., 602 So.2d 1259, 1260 (Fla. 1992); Vining v. Carmona, 596 So.2d 154 (Fla. 3d DCA 1992). In the instant case, the directed verdict against the City of Miami was entered pursuant to Chapter 78, the general replevin statute. The trial court’s order was not based on Chapter 538. While Chapter 538 does provide for an award of attorney’s fees to the prevailing party, Chapter 78 does not. Therefore, since the order granting the writ of replevin against the City of Miami was entered pursuant to Chapter 78, the trial court correctly denied the motion for attorney’s fees.
Even though the order was entered against only the City of Miami pursuant to Chapter 78, Ms. Main also argues that she is entitled to an award of attorney’s fees against Miami Money Store pursuant to Section 538.08, Florida Statutes (1991). We disagree.
Section 538.08(1), Florida Statutes (1991), provides, in part, as follows:
If the secondhand dealer contests the identification or ownership of the property, the lawful owner of any stolen goods in the possession of a secondhand dealer may, provided that a timely report of the theft of the goods was made to the proper authorities, bring an action for replevin....
§ 538.08(1), Fla.Stat. (1991) (emphasis added). The trial court correctly found that Section 538.08(1), Florida Statutes (1991), was not applicable in the instant case since Miami Money Store, the secondhand dealer, was not in possession of the diamond. It is clear that the City of Miami was in actual, physical possession of the diamond. Ms. Main argues that the term “possession” should be interpreted to also encompass *150 “constructive possession.”[1] Under the facts of this case, Miami Money Store was not in constructive possession of the diamond since it did not have the power to control the diamond. Black’s Law Dictionary 285 (5th ed. 1979) defines the term as follows: “A person has constructive possession of property if he has the power to control and intent to control such item.”
Ms. Main also argues that pursuant to the 1993 amendment to Section 538.08(1), she is entitled to an award of attorney’s fees against Miami Money Store. We disagree.
Section 538.08(1), Florida Statutes (1993), provides, in part, as follows:
(1) If the secondhand dealer contests the identification or ownership of the property, the person alleging ownership of the property may, provided that a timely report of the theft of the goods was made to the proper authorities, bring an action for replevin in the county or circuit court by petition in substantially the following form:
Plaintiff A.B., sues defendant C.D., and alleges:
1. This is an action to recover possession of personal property in_County, Florida.
2. The description of the property is: (list property). To the best of plaintiffs knowledge, information, and belief, the value of the property is $_
3. Plaintiff is entitled to the possession of the property under a security agreement dated_, 19._, a copy of which is attached.
4. To plaintiffs best knowledge, information, and belief, the property is located at_
5. The property is wrongfully detained by defendant. Defendant came into possession of the property by (describe method of possession). To plaintiffs best knowledge, information, and belief, defendant detains the property because (give reason).
6.The property has not been taken under execution or attachment against plaintiffs property.
[[Image here]]
(3) Upon the filing of the petition, the court shall set a hearing to be held at the earliest possible time. Upon the receipt of a petition for a writ by a secondhand dealer, the dealer shall hold the property at issue until the court determines the respective interest of the parties.
Ms. Main argues that because the 1993 amendment to Section 538.01(1) eliminated the words “in the possession of a secondhand dealer,” a replevin action may now be brought against a secondhand dealer even if the dealer is not in possession of the property. We disagree with Ms. Main’s interpretation.
In section 538.08(1), the form complaint provides, in part, that “[t]he property is wrongfully detained by defendant. Defendant came into possession of the property by (describe method of possession). To plaintiffs best knowledge, information, and belief, defendant detains the property because (give reasons).” Further, Section 538.08(3) provides, in part, that “[u]pon the receipt of a petition for a writ by a secondhand dealer, the dealer shall hold the property at issue until the court determines the respective interests of the parties.” Based on these portions of Section 538.08, we find that as in the 1991 version, the 1993 version also requires that the secondhand dealer must be in possession of the goods. As we have already decided, under the circumstances of this case, Section 538.01(1) is not applicable in the instant case since Miami Money Store, the secondhand dealer, was not in possession of the diamond.[2]
In conclusion, we affirm the denial of attorney’s fees against Miami Money Store.

. We do not need to decide whether the term "possession" also includes "constructive possession” since we find that Miami Money Store was not in constructive possession of the diamond.

. By our discussion of the 1993 amendment to Section 538.08(1), we are not deciding that it has a retroactive application. The discussion of the 1993 amendment simply indicates that even if the 1993 version is applied to the facts of this case, the outcome would not differ.