**Frank CONKEY d/b/a Conkey Electric Co., Appellant,**

v.

**HOAK MOTORS, INC. and GMAC, Appellees.**

**No. 99–1283.**

Supreme Court of Iowa.

Dec. 19, 2001.

Frank Conkey, Sioux City, appellant pro se.

Alison L. McGinn, Donald P. Dworak, and Frederick D. Stehlik of Gross & Welch, Omaha, NE, for appellees.

NEUMAN, Justice.

This is an appeal from dismissal of plaintiff's small claims action for conversion. Two matters are at issue: (1) the authority of defense counsel to appear pro hac vice and, (2) the sufficiency of the evidence to sustain the district court judgment. Finding no error warranting reversal, we affirm.

The facts are essentially undisputed. Plaintiff, Frank Conkey, leased a van from defendant, Hoak Motors, Inc., who assigned the lease to defendant, GMAC. Conkey fell behind on his lease payments. Efforts by GMAC to persuade Conkey to cure the arrearage were unsuccessful. So when Conkey took the van to Hoak Motors for warranty work, a GMAC representative repossessed the vehicle and put it in storage.

GMAC advised Conkey of the van's location and gave him the opportunity to retrieve tools and equipment he had stored in it. Conkey, evidently angered by the repossession, proceeded to where the van was stored, argued with police and a GMAC representative, but failed to collect his equipment. The van was moved to a more secure storage facility and a detailed inventory of Conkey's tools was prepared. Following correspondence between GMAC's counsel and Conkey, some of the tools were eventually retrieved by Conkey. The remainder were shipped to him via UPS.

Conkey then commenced separate small claims actions against Hoak Motors and GMAC for "conversion and theft of business tools and business materials" as well as damages for the loss of their use. The

actions were consolidated for trial. Based on GMAC's entitlement to the van, and Conkey's failure to prove any loss of its contents, the small claims court dismissed the action. Conkey appealed.

On appeal to the district court, Conkey claimed entitlement to a new trial because he had not learned until after the trial that GMAC's counsel, Frederick D. Stehlik, is licensed to practice law in Nebraska but not Iowa. The court rejected Conkey's challenge to Stehlik's pro hac vice status and also found, as the small claims court had before it, that the repossession was proper and Conkey sustained no recoverable damages.

Conkey's appeal, treated as an application for discretionary review, was granted for the purpose of considering the import of his challenge to defense counsel's status.

## I. Scope of Review.

■ This small claims action, tried at law, is reviewable on appeal for the correction of assigned errors only, not de novo. *Hyde v. Anania*, 578 N.W.2d 647, 648 (Iowa 1998).

## II. Issues on Appeal.

■ *A. Pro hac vice.* Conkey's principal claim seems to be that his pursuit of a judgment against the defendants was prejudiced by the fact that defendants' counsel, Stehlik, is not licensed to practice law in Iowa. Conkey did not learn of Stehlik's unlicensed status until Conkey appealed the dismissal of his small claims action, whereupon Stehlik filed a written motion for admission pro hac vice in the district court. The record reveals, and the district court found as a matter of fact, that Stehlik had sought and received *oral* permission from the small claims court to appear on defendants' behalf at trial. Word of that permission was never relayed to Conkey, however, a matter Conkey now urges

as a ground for reversal. He not only challenges the informality of the court's action; he claims that if he had known Stehlik was unauthorized to appear as an attorney, he would have called him as a witness regarding GMAC's disposition of his property.

Several code sections and court rules bear on our consideration of Conkey's argument. Small claims proceedings are, by statute, intended to be "simple and informal," tried to the court "without regard to technicalities of procedure." Iowa Code § 631.11(1) (1999). A party in small claims may appear "personally or by attorney." *Id.* § 631.11(2). Ordinarily, however, corporations may appear only by counsel. *Hawkeye Bank & Trust, N.A. v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990). *But see* Iowa Code § 631.14 (authorizing corporate party in small claims to be represented by "an officer or employee"); *Iowa Supreme Ct. Comm. on Unauth. Practice of Law v. A-1 Assoc., Ltd.*, 623 N.W.2d 803, 808 (Iowa 2001).

A member of a bar of another state may be permitted to appear and pursue or defend a cause of action in Iowa, provided

> that at the time the attorney enters an appearance the attorney files with the clerk of such court the written appointment of some attorney resident and admitted to practice in the state of Iowa, upon whom service may be had in all matters connected with said action, with the same effect as if personally made on such foreign attorney within this state. In case of failure to make such appointment, such attorney shall not be permitted to practice as aforesaid, and all papers filed by the attorney shall be stricken from the files.

Iowa Code § 602.10111. *But see* Iowa Sup. Ct. R. 113 (permitting but not requiring

court to dismiss action or strike pleadings of noncomplying party).

We agree with Conkey that, in the absence of the written filing required by section 602.10111, strict adherence to the statute would call Stehlik's appearance into doubt and compel the striking of any papers filed by him in the case. But at least two important factors militate against such a result here. First, the only written pleadings in the case were filed, not by Stehlik, but by his colleague, Alison L. McGinn, a licensed Iowa lawyer. Second, that same written appearance by Iowa counsel arguably satisfied the requirement, under section 602.10111, that a lawyer admitted in this state be appointed so that service might be made in connection with all matters pertaining to the cause of action. Given the statutorily informal nature of small claims proceedings, we think substantial compliance with section 602.10111 has been established under this record. The district court was correct in so ruling.

■ Conkey's claim that he was prejudiced by less-than-strict adherence to section 602.10111 is not persuasive. Had he argued at trial, as he now contends, that Stehlik had personal knowledge of the controversy helpful to his case, he could have sought the court's permission to call Stehlik as a witness. He did not do so and cannot, in fairness, now expect to benefit from his failure. As a pro se plaintiff, Conkey undertook responsibility for litigating his own cause. No part of that obligation devolved upon the court. *See Lombardi v. Citizens Nat'l Trust & Sav. Bank*, 137 Cal.App.2d 206, 209, 289 P.2d 823, 825 (1955) (court not required to advocate for pro se litigant in presentation of evidence); *cf. State v. Glanton*, 231 N.W.2d 31, 35 (Iowa 1975) (rule permitting student practice not intended to transfer advocacy role to judge).

The assignment of error is without merit.

■ **B. Sufficiency of the evidence.**

Conkey's argument for reversal on the merits is equally unavailing. His lease agreement with GMAC specifically authorized the lessor, upon the lessee's default, to repossess the vehicle, as was done here. Substantial evidence supports the court's finding that Conkey was in default on his lease payments when GMAC repossessed the vehicle from Conkey's bailee, Hoak Motors. The court then held, as a matter of law, that Hoak Motors properly surrendered the vehicle to GMAC, whose right to possession was paramount to Conkey's, the bailor. This legal conclusion was correct. *See* 8A Am. Jur. *Bailments* § 148, at 600 (1997). It has long been the "modern rule" that "it is a sufficient excuse for the nondelivery of personal property for the bailee to show that he has surrendered it to the rightful owner." *Shellenberg v. Fremont, E. & M. V.R. Co.*, 45 Neb. 487, 63 N.W. 859, 859 (1895); *accord The "Idaho,"* 3 Otto 575, 581, 93 U.S. 575, 581, 93 S.Ct. 978, 980, 23 L.Ed. 978, 980 (1876); *Jensen v. Eagle Ore Co.*, 47 Colo. 306, 107 P. 259, 260 (1910).

■ With respect to Conkey's personal property in the repossessed vehicle, GMAC was authorized under the lease agreement to "take the property and store it" for the lessee. Although Conkey's claim for conversion asserts that his tools and other personalty were not returned promptly, the evidence supports a contrary finding. Admitted into evidence was a police report corroborating GMAC's assertion that Conkey was encouraged, but refused, to retrieve his tools from the van on the very day it was repossessed. The record further supports the court's finding that Conkey's personalty was then inventoried by GMAC personnel and returned to

him. Conkey tendered no credible evidence to the contrary.

Accordingly, we affirm the district court judgment dismissing Conkey's small-claims action against Hoak Motors and GMAC.

**AFFIRMED.**