# IN THE COURT OF APPEALS OF IOWA

No. 13-1126
Filed February 11, 2015

**REAL ESTATE TITLE CLOSING AND TITLE
SERVICES, INC. d/b/a PATRIOT TITLE AND ESCROW,**
        Plaintiff-Appellant,

**vs.**

**TRIO SOLUTIONS, LLC,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

        Patriot Title and Escrow appeals the district court's grant of the motion to

dismiss filed by Trio Solutions, LLC.  **AFFIRMED.**

        Patrick T. Vint of Hopkins & Huebner, P.C., Des Moines, for appellant.

        Stanley J. Thompson and Sarah K. Franklin of Davis, Brown, Koehn,

Shors & Roberts, P.C., Des Moines, for appellee.

        Heard by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Real Estate Title Closing and Title Services, also known as Patriot Title and Escrow (Patriot), appeals the district court's grant of the motion to dismiss filed by Trio Solutions, LLC (Trio).  Patriot asserts the court erred in finding claim preclusion prohibited Patriot from bringing its current claim of replevin, arguing that the replevin action could not have been brought in the first breach of contract suit due to the statutory prohibition of joining other claims with a replevin cause of action.  It further asserts the replevin claim was not ripe until after the verdict was rendered in the contract case and, additionally, that the two suits involve different underlying facts, which prevents the doctrine of claim preclusion from barring its present suit.  While acknowledging a replevin action could not have been joined with the breach of contract case, we agree with the district court that a claim for conversion could have been asserted in the prior litigation.  Moreover, because both suits involve the same underlying transactions, facts, and evidence, claim preclusion bars Patriot from bringing its current replevin action.  Consequently, the district court properly granted Trio's motion, and we affirm.

**I. Factual and Procedural Background**

Patriot and Trio are two businesses that provide various services in connection with real estate transactions.  From June 1, 2010, to November 30, 2010, the two businesses attempted to merge.  During this time Patriot transferred various assets to Trio, such as accounts receivable, client lists, and works in progress.

On March 4, 2011, Patriot filed suit against Trio, alleging Trio had breached the contracts that had been established between the parties.[1] Specifically, count one of the amended petition alleged:

> In May, 2010, Plaintiffs entered into an Exchange and Contribution Agreement (attached as Exhibit 1), Employment Agreement (attached as Exhibit 2), and Operating Agreement for Community Title, L.L.C. (attached as Exhibit 3).
> Consideration was exchanged between the parties in execution of the contracts.
> Plaintiffs have performed in accordance with the terms of the contract.
> Defendants have breached the contracts.
> The breach of the contract has caused damage to the Plaintiffs.

Count three stated:

> On May 12, 2010, Plaintiffs and Defendants entered into a written contract whereby Plaintiffs' businesses would merge with those of the Defendants, and Plaintiff Charles Hendricks would begin employment with the newly merged business. Please see Exhibit 4, attached hereto and incorporated herewith.
> Plaintiffs have performed in accordance with the terms of the contract.
> Defendants have breached the contract.
> The breach of the contract has caused damage to the Plaintiffs.

The petition also alleged a claim of fraudulent misrepresentation.

A jury trial was held from April 9, 2012, to April 13, 2012, in which Patriot submitted various documents showing it had transferred to Trio specific accounts receivable. These exhibits were submitted for the purpose of demonstrating the contract consideration offered by Patriot. It then requested judgment be entered

---

[1] The merger also involved another company, Community Title, L.L.C., located in South Dakota. It, along with two individuals, were named as defendants in the first lawsuit. They were not parties to the second suit, nor are they involved in the present appeal. The first suit also named Charles Hendricks, the owner of Patriot, as a plaintiff, but he was not named in the second suit.

"for the full and fair amount of the damages sustained . . . as well as any other relief which this Court deems just and necessary." Following the close of evidence, the jury returned a verdict in favor of the defense, specifically finding no contracts had been created and there was no fraudulent misrepresentation.

On November 26, 2012, Patriot filed a second suit against Trio. The petition alleged a claim for replevin and a conversion claim.[2] Specifically, the replevin claim stated:

> Defendant remains in possession of funds held in a segregated bank account known to Defendant as Patriot Title Capital Clearing Account.
> To Plaintiff's best knowledge, $29,204.00 is currently held in the Patriot Title Capital Clearing Account.
> Funds in the Patriot Title Capital Clearing Account were collected by Defendant from accounts receivable transferred by Patriot Title to Trio Solutions as part of the failed merger, and were not returned after the merger failed.
> The particular funds in the account were neither taken on the order or judgment of a court against the Plaintiff nor under an execution or attachment against the Plaintiff or against the property.
> Plaintiff is entitled to recover $29,204.00 in the account, as well as additional amounts for the loss of use of the property while held by Defendant.

On December 18, 2012, Trio filed a motion to dismiss alleging, in part, that claim preclusion barred Patriot's second suit. A hearing on the matter was held, and the district court granted the motion to dismiss,[3] finding the doctrine of claim preclusion prevented Patriot from bringing its current action. The court stated:

> Patriot probably could not have asserted a replevin claim in the prior litigation since such a claim, under Iowa Code section 643.2,

---

[2] The district court granted the motion to dismiss in its entirety, and Patriot does not pursue any arguments related to the conversion claim on appeal.

[3] The district court noted that it considered the motion to dismiss filed by Trio in the alternative as a motion for summary judgment, considering it took judicial notice of the court documents from the previous suit and therefore was viewing evidence outside of the pleadings.

cannot be joined with any other type of claim. But Patriot's instant replevin claim is for the return of money and damages for the loss of its use. A replevin claim is not the only way, if it is a way at all, to recover money. It seems to the court that Patriot could have recovered the money on a claim of unjust enrichment or restitution . . . . Beyond this, Patriot certainly could have recovered the money by making its conversion claim in the prior litigation. Finally, Patriot did assert a fraud claim against Trio in the prior litigation. Such a claim does not argue for the existence of a contract and surely, under that claim, Patriot could have recovered what it seeks in this case.

Patriot filed a motion to reconsider and another hearing was held, in which the court also took into consideration the transcript from the previous trial. In a written ruling filed June 26, 2013, the court denied Patriot's motion, stating it had considered all of the parties' arguments and reiterating its conclusion that claim preclusion applied. Patriot appeals.

## II. Standard of Review

We review rulings on motions for summary judgment or motions to dismiss for correction of errors at law. *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008). If there is no genuine issue of material fact after a review of the entire record, summary judgment is appropriate as a matter of law. *Stew-Mc Dev., Inc. v. Fischer*, 770 N.W.2d 839, 844 (Iowa 2009). Accordingly, we review the district court's ruling "to determine whether the moving party demonstrated the absence of any genuine issues of material fact and established entitlement to judgment on the merits as a matter of law." *C&J Vantage Leasing Co. v. Outlook Farm Golf Club, LLC*, 784 N.W.2d 753, 756 (Iowa 2010). In performing this review, we examine the record in a light most favorable to the nonmoving party. *Id.*

**III. Claim Preclusion**

The doctrine of claim preclusion bars the initiation of a second suit where the plaintiff has already had the opportunity to fully and fairly litigate all claims associated with the transactions underlying the case. *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). Even where specific issues have not been litigated, if the party could have brought the cause of action in the first suit, claim preclusion prohibits a second suit alleging the claim. *Id.* Furthermore:

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.* at 836.

In deciding whether the claim could have been fully and fairly adjudicated in the prior suit, we consider (1) the protected right, (2) the alleged wrong, and (3) the relevant evidence. *Id.* Thus, where the same evidence supports both causes of action, and the defendant's actions underlying both suits are the same, the third element is satisfied and claim preclusion likely applies. *Id.*

> With regard to the purpose of the doctrine:

> The policy of the law underlying claim preclusion is that a claim cannot be split or tried piecemeal. Thus, a party must try all issues growing out of the claim at one time and not in separate actions. An adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination. Simply put, a party is not entitled to a "second bite" simply by alleging a new theory of recovery for the same wrong.

*Id.* at 835–36 (internal citation omitted). In line with this rationale, our supreme court has noted that:

> When any of the following circumstances exists, the general [claim preclusion] rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> . . . .
>
> The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

*Shumaker v. Iowa Dep't of Transp.*, 541 N.W.2d 850, 853–54 (Iowa 1995) (quoting Restatement (Second) of Judgments § 26 (1982)).

Here, the parties dispute the third element of claim preclusion, that is, whether the replevin action could have been fully and fairly adjudicated in Patriot's first suit alleging breach of contract. Patriot argues that, pursuant to Iowa Code section 643.2 (2011), it could not have brought the replevin claim in the first action, given it was statutorily barred from joining the replevin action with its other claims. Trio first counters that Patriot failed to preserve error with respect to its section 643.2 argument. However, Trio asserts, were we to consider the merits of this argument, the proper remedy for a misjoined action is to sever the counts and try the cases separately, and therefore Patriot still could have brought its claim of replevin.

**A. Error Preservation**

As an initial matter, we will examine whether Patriot preserved error on its argument that section 643.2 barred it from bringing its replevin claim subsequent to the breach of contract action. In its ruling, the district court noted: "Patriot probably could not have asserted a replevin claim in the prior litigation since such

a claim, under Iowa Code section 643.2, cannot be joined with any other type of claim." In its motion to reconsider, Patriot specifically addressed section 643.2, and the subsequent ruling noted the court "carefully considered the motion to reconsider and the arguments made by counsel." As long as the lower court considered the issue and ruled on it, error is deemed to have been preserved. *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). Therefore, the record demonstrates the district court "considered the issue," and we will address the merits of Patriot's argument. *See id.*

**B. Iowa Code section 643.2**

"Replevin is a specialized statutory remedy with a narrow purpose designed to restore possession of property to the party entitled to possession." *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 9 (Iowa 2000). Though damages may be awarded, they are incidental to the purpose of a replevin action, which is to return the property to its owner. *Id.*; *see also* Iowa Code § 643.17. To succeed on this claim, the plaintiff must be able to identify the specific property, prove that it owns the property, and that the defendant is in wrongful possession of it.[4] *See generally Flickenger v. Mark IV Apartment Ass'n*, 315 N.W.2d 794, 796–97 (Iowa 1982).

Pursuant to Iowa Code section 643.2, no other claim may be joined to a petition alleging replevin; additionally, the defendant is not permitted to submit

---

[4] By contrast, to succeed on a claim of breach of contract, the plaintiff must prove: (1) the existence of a contract, (2) the terms and conditions of the contract, (3) that the plaintiff has performed all the terms and conditions required under the contract, (4) the defendant's breach of the contract in some particular way, and (5) that the plaintiff has suffered damages as a result of the defendant's breach. *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010).

any counterclaims. This is due to the particularized nature of a replevin action, which is a narrow remedy designed to return the property to its rightful owner. *See Roush*, 605 N.W.2d at 9.

If a claim is improperly joined, the remedy is to either sever the claims and docket them separately, or to strike the improper claim. *Id.* at 10 (holding that, though a replevin claim cannot be joined with another cause of action, the district court improperly dismissed the suit); *see also* Iowa R. Civ. P. 1.236(2) ("The only remedy for improper joinder of actions shall be by motion. On such motion the court shall either order the causes docketed separately or strike those causes which should be stricken, always retaining at least one cause docketed in the original case.").

We agree with Trio's assertion that Patriot could have sought return of the alleged wrongfully retained funds in the first suit. As set forth in more detail below, the claims involve the same facts, evidence, and actions of both parties. Therefore, Patriot could have alleged a conversion claim in the first suit, and, in fact, conceded at oral argument that it would have been appropriate to do so.[5]

Furthermore, to prove Patriot's assertion that contracts had been formed, Patriot submitted evidence showing assets had been transferred to Trio. Ken Hoyne, Trio's comptroller, testified during trial that proceeds of Patriot's accounts receivable had been kept in a segregated account, which is the account Patriot

---

[5] We also note the asset Patriot now seeks in its replevin action is the $29,204 Trio obtained from the accounts receivable. However, as Patriot conceded at oral argument, Trio was the entity that actually worked the accounts and collected the money owed on those accounts. Thus, Patriot is not seeking the asset transferred but, rather, the money generated from the accounts receivable, which were transferred to Trio during the attempted merger.

now seeks in its replevin action. However, a claim for breach of contract would include damages for return of property wrongfully retained through conversion of those assets. Thus, regardless of the jury's finding, Patriot could have attempted to prove ownership and then sought the collection proceeds of its transferred accounts receivable at the time of the breach-of-contract trial. As previously noted, Patriot conceded it could have done this if it had amended the petition to include a conversion claim. Consequently, Patriot's argument that section 643.2 prevented it from bringing a replevin action for those very assets is barred by claim preclusion.

### C. Ripeness

Patriot, in the alternative, argues its claim of replevin was not ripe at the time of the first suit because Trio did not unlawfully possess its property until the jury decided there was no contract. A claim is ripe if it presents an actual, present controversy, and can be adjudicated when the suit is brought. *See Iowa Coal Mining Co. v. Monroe Cnty*., 555 N.W.2d 418, 432 (Iowa 1996). Trio possessed money it collected on the transferred accounts receivable at the time of the first suit, and though its alleged unlawful possession of the property was not part of Patriot's original claims, Patriot could have plead, in the alternative, a claim of conversion. *See Whalen v. Connelly*, 621 N.W.2d 681, 685 (Iowa 2000) (noting the doctrine of election of remedies did not bar the plaintiff's conversion claim when the defendant wrongfully withheld the plaintiff's stock in the company). Consequently, as discussed above, Patriot could have brought a claim at the time of the first suit to prove ownership of the proceeds of the accounts receivable, regardless of whether it knew about the specific account

created by Trio containing the $29,204. Therefore, a justiciable controversy existed at the time of the first suit, and Patriot's argument that it was unable to bring the claim because it was not ripe fails. *See Iowa Coal Mining Co.*, 555 N.W.2d at 432.

### D. Underlying Claims

Patriot's final argument contends it did not have the opportunity to fully and fairly litigate its claim of replevin in the first action, due to the contrary nature of the theories, and the fact different evidence supports each claim. However, we agree with the district court that Patriot's current claim involves the same facts, evidence, and underlying transactions, and therefore it could have alleged an alternative remedy—conversion—in its first suit, which may have resulted in awarding Patriot the $29,204 Trio collected from the accounts receivable.

Primarily, both suits involve the same evidence. A document entitled "Exchange Agreement" was entered into evidence in the first suit. A pertinent paragraph reads:

> Patriot Title desires to contribute its accounts receivable and records described herein, and Hendricks desires to commit to certain services described herein, in exchange for issuance to MRO of a 20% interest in Trio and a 10% interest in Community Title on the terms and conditions set forth in this Exchange Agreement.

Patriot's replevin petition alleged Trio acquired the $29,204 from the accounts receivable Patriot transferred. Thus, this paragraph—from the contract involved in the first suit—directly addresses the property Patriot now contends is in the possession of Trio. This demonstrates that both suits "share a common nucleus of operative facts and are closely related in time, space, origin, and motivation." *Pavone*, 807 N.W.2d at 836. It is therefore clear the conduct on the part of Trio,

namely, its role in acquiring the accounts receivable and subsequent collection, would be at issue in both suits.[6]

Additionally, exhibits entered by Patriot show the various accounts receivable it transferred to Trio. These include emails, spread sheets, and other related documents. Therefore, the evidence supporting both the replevin and the breach of contract claims, in addition to the actions on the part of Trio, are the same, which indicates Patriot had the opportunity to fully litigate its claims. *See id.*

We agree with Patriot's assertion it would have had to set forth alternative and somewhat contradictory theories were it to argue Trio was in wrongful possession of Patriot's property. However, parties are free to allege alternative remedies, such as, in the event the factfinder concludes no contract was formed, the plaintiff is entitled to restitution. *See generally Hartford-Carlisle Sav. Bank v. Van Zee*, 569 N.W.2d 386, 390–91 (Iowa Ct. App. 1997) (noting a plaintiff is entitled to pursue consistent alternative remedies). Therefore, Patriot was not prevented in the first suit from bringing its claim on an alternative theory of recovery with regard to the money collected on the transferred accounts receivable.

Given these conclusions, both the protected right, in the form of Patriot's alleged property, as well as the underlying evidence involved in both claims, are

---

[6] We do note the purpose of introducing into evidence the specific action of Trio acquiring the accounts receivable differs between the two claims—in the first suit, it was introduced to show Trio received consideration for its performance, and in the second, it is the underlying wrong. Nonetheless, the record establishes the actions on the part of Trio during the merger are essential to Patriot's claims. Given that even claims with differing underlying facts can be barred by claim preclusion, this fact does not change our analysis. *See Pavone*, 807 N.W.2d at 835–36.

the same. Though the remedies sought in each suit differ, claim preclusion extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 24 (2012). Consequently, Patriot had the opportunity to fully and fairly litigate its claims in the first suit, and the doctrine of claim preclusion bars litigation of its second petition. *See Pavone*, 807 N.W.2d at 836; *but see Whalen*, 621 N.W.2d at 683–85 (holding claim preclusion did not bar the plaintiff's second suit alleging conversion because he did not have the opportunity to fully and fairly litigate the claim until the defendant wrongfully withheld the company's stock, which did not occur until the district court decided in the first suit the amount of money the defendant owed to the plaintiff). We therefore affirm the district court's grant of the motion to dismiss filed by Trio.

**AFFIRMED.**