# IN THE COURT OF APPEALS OF IOWA

No. 21-0837
Filed January 25, 2023

**BRAD STALEY and SUSAN STALEY,**
Plaintiffs-Appellants,

**vs.**

**TARYN BARZ, COLETON BARZ and TREY BARZ, Co-Executors of the ESTATE OF KEVIN L. BARZ,**
Defendants-Appellees,

and

**IOWA STATE BANK,**
Intervenor-Appellee.
_____

Appeal from the Iowa District Court for Franklin County, DeDra L. Schroeder, Judge.

The successful party in a replevin action for farm equipment appeals, claiming the district court wrongly denied their request for incidental damages. **AFFIRMED IN PART AND REVERSED IN PART.**

Brian D. Miller of Miller & Miller, P.C., Hampton, for appellants.

Julie L. Vyskocil of Brick Gentry, P.C., West Des Moines, for appellee.

Brian J. Humke of Nyemaster Goode, P.C., Ames, for appellee intervenor.

Considered by Bower, C.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

At the time of Kevin Barz's unexpected death in 2019, he was in possession of a number of pieces of farm equipment that Brad and Susan Staley (the Staleys) claimed to own. The Staleys filed a replevin action to regain the equipment from the Estate of Kevin L. Barz (the Estate)[1] and, following a trial nearly two years later, were successful in proving they owned the two Timpte grain trailers and the John Deere combine at issue.[2] But the district court denied the Staleys' request for incidental damages, which they claimed they incurred due to the Estate's retention of their farm equipment. On appeal, the Staleys challenge the denial of their request for damages; they ask us to award them $66,814.53.

**I. Background Facts and Proceedings.**

Kevin Barz unexpectedly died in a car accident on July 5, 2019.

A few months later—in October—the Staleys initiated a replevin action against the Estate for two Timpte grain trailers, a John Deere combine, a John Deere soil finisher, and two tractors. In its answer, the Estate denied the Staleys owned the listed equipment. It also brought a counterclaim for replevin, alleging that since filing their petition, the Staleys entered the Barz property and took the John Deere soil finisher and the two tractors.

---

[1] The Staleys sued the co-executors of the Estate—Taryn, Coleton, and Trey Barz, the adult children of Kevin.

[2] Additional equipment and some crops were part of the underlying replevin action, and multiple intervenors joined along the way. Because the issue on appeal is limited to whether the Staleys should have received an award for incidental damages due to the Estate's retention of the two Timpte grain trailers and the John Deere combine, we limit our focus to those.

The next month, the Staleys and the Estate agreed to the entry of a consent order, which prevented "all [p]arties . . . from selling, transferring, distributing or in any other way disposing of, without a [c]ourt [o]rder" specific pieces of equipment. Under the agreement, the Staleys were to retain possession of one of the tractors and the John Deere soil finisher that were at issue while the Estate retained possession of the two Timpte grain trailers and the John Deere combine.[3]

Trial was scheduled to take place in July 2020, but the Staleys' attorney informed the court he had been exposed to COVID-19 shortly before trial was set to commence. The trial was continued.

In September, the Staleys filed an application for immediate possession of the John Deere combine and the two Timpte grain trailers; they asserted they needed the equipment "for use in the upcoming harvest of" their crops. The Staleys relied on Iowa Code section 643.7 (2019) and recognized they would be required to "execute an appropriate bond in the amount at least equal to twice the value of the harvester and trailer[s]."

The district court did not hold a hearing on the application until December. Immediately after, the court ordered the Staleys could have immediate possession of the Timpte grain trailers once they posted the appropriate bond—twice the value of the trailers, with one being valued at $28,000 and the other at $30,889. The Staleys were also ordered to carry insurance on the trailers. The court declined to take action as to the John Deere combine because the Staleys' crops were already harvested. The Staleys never posted the necessary bond and did not take

---

[3] Deere & Company, which had intervened in the proceedings, was to take possession of the second tractor.

possession of the Timpte grain trailers before the April 2021 bench trial in the replevin action.

Following a two-day trial, the district court ruled:

> The evidence presented at trial establishe[s] that the Staleys are the owners of the Timpte grain trailers . . . and the John Deere S660 corn combine. . . .
>
> . . . .
>
> The lack of documentation for the transactions between the [Staleys] and Kevin Barz is troubling. This is exacerbated by the lack of credibility of the [p]laintiff Mr. Staley. . . .
>
> . . . .
>
> The Estate claimed an interest in equipment due to the fact that the equipment was in the possession of Kevin Barz or on his property as of the date of his death. In addition, there was evidence that Barz was leasing the combine, grain trailers, and soil finisher pursuant to a rent-to-own agreement with the Staleys. The Staleys' sole ownership of the equipment was in question due to the business transactions between the parties, the lease to own document, and lack of clear documentation. Susan Staley's testimony and the document she prepared references "lease to own" and lists the trailers, combine, and soil finisher. The document appears to show deductions of payments against the purchase price. The [Estate] was justified in arguing a possessory interest and leasehold interest in the combine [and] two grain trailers . . . .
>
> The Staleys clearly have documentation showing initial purchase of the equipment and title and registration to the equipment. Things got murky tracking the various financial transactions between the parties and whether those payments were for rent, lease to own, collateral or had been sold. Until discovery could be completed and evidence presented, the Estate was not without a basis to hold on to the assets.
>
> A consent decree was entered, which ordered that the two grain trailers and the combine remain in the possession of the Estate during the pendency of the replevin action and that the John Deere 9230 and the soil finisher remain in the possession of the [Staleys]. The [Staleys] consented to the equipment remaining in the possession of the Estate but now claim damages based on the Estate's compliance with the consent order. It is hard to argue wrongful possession by the Estate when the parties entered into a consent order.
>
> In addition, on November 6, 2019, in Case No. ESPR501497, which is the Estate of Kevin Barz, the Court entered an order that no real or personal property of the estate would be sold, transferred, or distributed without court approval. To comply with that order, the

Estate retained all assets at that time in its possession and only allowed distribution or disposal pursuant to court order and authorization. It is clear that a fiduciary could not act to distribute property without approval of court and that fiduciaries are liable to the estate for any wrongful acts.

. . . The [Staleys] did not request possession of any of the equipment needed for farming operations with the exception of the two grain trailers on December 1, 2020, which the court in fact granted an order for. Despite the order, the [Staleys] took no steps to post required bond and take possession of the trailers.

In addition, it is difficult for this court to calculate damages when sufficient evidence has not been presented as to the following: [the Staleys'] insurance premiums on the equipment, cost of maintenance and repair, fuel to run the equipment, [the Staleys'] previous expenses for custom harvesting and trucking, Kevin Barz's previous charges for custom harvesting and trucking, labor paid to Barz prior to death of harvesting and trucking, costs of hire to pull the trailers and haul the grain, the impact of the increased farming operation in 2020, the distance the grain was hauled and whether that could have been accomplished with tractors versus semi tractors, and any other saved costs.

The district court denied the Staleys' request for damages, which they appeal.

## II. Standard of Review.

We review replevin actions for correction of errors at law. *Prenger v. Baker*, 542 N.W.2d 805, 807 (Iowa 1995).

## III. Discussion.

The Staleys argue the district court was wrong to deny their request for $66,814.53 in incidental damages—$23,392.10 for "trucking" crops (related to not having possession of the grain trailers) and $43,422.43 for custom harvesting (related to the combine).

"Replevin is a specialized statutory remedy with a narrow purpose designed to restore possession of property to the party entitled to possession." *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 9 (Iowa 2000). While "damages are available

to the successful party in a replevin action, replevin is not an action for damages." *Id.* "An award of damages in a replevin action is incidental to the purpose of regaining possession." *Id.* That said, "[t]he judgment shall determine which party is entitled to the possession of the property . . . and *shall also award damages* to either party as the party may be entitled to for the illegal detention thereof." Iowa Code § 643.17 (emphasis added).

In denying the Staleys' request for incidental damages, the district court seemed to base its decision on whether the Estate was justified in holding onto the trailers and combine during the pendency of the replevin and probate cases.[4] But that is not the appropriate question—whether the Estate's detention of the equipment was wrongful hinges on the fact of ownership, not whether it had a reasonable claim or belief it owned the equipment. *See Varvaris v. Varvaris*, 124 N.W.2d 163, 804 (Iowa 1963) ("Where both parties to a replevin action claim to own the property the right of possession depends on the fact of ownership. The fact of ownership draws with it the right of possession." (internal citation omitted)). And the Estate was not the owner of the trailers or combine at the time the court ordered them to maintain possession; the Estate was already in wrongful possession[5] of the Staleys' equipment when the court got involved. "Once there

---

[4] The court reasoned the Estate was justified because the consent order and order from the probate court told the Estate to maintain control of the equipment pending later rulings by the courts.

[5] "Wrongful possession" meaning possession at odds with its lack of ownership, not possession that is unethical or done with malice. *Cf. Right of Possession*, *Black's Law Dictionary* (11th ed. 2019) ("The right to hold, use, occupy or otherwise enjoy a given property; esp., the right to enter real property and eject or evict a wrongful possessor."). It is generally undisputed—and we agree the evidence shows—that the co-executors were not acting with mal intent; they needed a court

has been a wrongful taking or detention, possession does not become rightful until some form of redelivery occurs." *Flickinger v. Mark IV Apartments, Ass'n*, 315 N.W.2d 794, 797 (Iowa 1982)

Because the Estate wrongfully detained the Staleys' equipment, the Staleys *shall* be awarded incidental damages for loss of use. *See* Iowa Code § 643.17; *see also Universal C.I.T. Credit Corp. v. Jones*, 227 N.W.2d 473, 478 (Iowa 1975) ("The injured party [in a replevin action] may demand the return of his property plus the damages for its wrongful detention."). "The measure of such loss is the net market value of the use of the property during the period it was wrongfully detained." *Universal C.I.T.*, 227 N.W.2d at 479. And, while the evidence shows the Staleys hired trucking and custom harvesting even when they did have use of their own trailers and combines (before the death of Kevin Barz), they "do[] not need to prove the [equipment] would have been used in order to recover damages for loss of use." *Actually Clean Floor & Furniture, L.L.C. v. Action Restoration, Inc.*, No. 13-1811, 2014 WL 3511896, at *4 (Iowa Ct. App. July 16, 2014); *see also Barry v. State Sur. Co.*, 154 N.W.2d 97, 100 (Iowa 1967) ("The basis for allowing damages in such cases is that the plaintiff has been deprived of his rightful possession. The fact, if it be a fact, that plaintiffs here did not hire equipment to replace theirs and that they would not have used this equipment anyway, even if it had been in their possession, does not appeal to us.").

---

ruling as to the owners of the various property so they could properly carry out their role for the Estate due to competing creditors and claims.

Therefore, we reverse the district court's denial of incidental damages and award the Staleys $66,814.53.[6]

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[6] The Estate argues—and the district court laid out in its ruling—a number of reasons why it thinks this amount should be reduced.  But the Staleys entered bills into evidence of the price they paid for the trucking and harvesting; if the Estate believed the Staleys paid more than market rate, it should have introduced evidence to establish the fact.  The rest of the reasons why the Estate argues the amount should be reduced are merely rhetorical questions that do not have corresponding evidence in the record, so we are left without any amounts to deduct from the billed total.  And the Estate's claim that the amount should be reduced because the Staleys farm more land now than they did during Kevin Barz's lifetime does not change the fact that the Staleys were deprived of their combine and trailers—it is inapposite for the purpose of replevin damages.