# IN THE COURT OF APPEALS OF IOWA

No. 23-1436
Filed October 30, 2024

**CECIL WALLACE WILLIAMSON JR.,**
Plaintiff-Appellant,

**vs.**

**STATE OF IOWA, IMCC, IBOP, IDOC, and IMCC U.S. POSTAL SERVICE,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

A plaintiff appeals the dismissal of his civil action, which the district court dismissed for failure to state a claim for which relief could be granted. **AFFIRMED.**

Cecil W. Williamson Jr., Anamosa, self-represented appellant.

Brenna Bird, Attorney General, and H. Loraine Wallace, Assistant Attorney General, for appellees.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Cecil Williamson Jr., an Iowa inmate currently serving a sixteen-year prison sentence, appeals a district court order that dismissed his civil action after Williamson failed to set forth a claim for which relief could be granted.[1]

Iowa appellate courts review a district court's decision to dismiss an action for correction of legal errors. *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009); *see also Manning v. State*, 654 N.W.2d 555, 558–59 (Iowa 2002). We will affirm the dismissal "if the petition fails to state a claim upon which relief may be granted." *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016).

In Iowa, the pleading is required to "give notice of the incident giving rise to the claim and the general nature of the claim." *Cemen Tech, Inc. v. Three D Indus., L.L.C.*, 753 N.W.2d 1, 12 (Iowa 2008) (citing *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 9 (Iowa 2000)). "[A] petition . . . is required to be read in light of the allegations and legal ramifications contained within the four corners." *Roush*, 605 N.W.2d at 9. This standard applies equally to self-represented litigants, with no part of the obligation to properly litigate devolving upon the court. *Conkey v. Hoak Motors, Inc.*, 637 N.W.2d 170, 173 (Iowa 2001); *see also Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019) (noting a court cannot read a claim into a self-represented litigant's pleading when the filing, even liberally construed, presents no such claim).

---

[1] The immediate action has been brought by Williamson completely through self-representation.

Williamson's petition accused "Iowa Officials, employees & individuals & Entities" of numerous criminal acts against him.[2] The district court determined Williamson failed to set forth any civil claim entitling him to relief and ordered Williamson to amend the filing. The district court also advised that failure to comply could result in dismissal of the claim. Williamson then filed for an extension of time to comply, which was granted, the order again advising Williamson that failure to comply may result in dismissal. After Williamson submitted additional documents, largely repeating the criminal allegations,[3] the district court concluded Williamson still failed to state an actionable claim and dismissed the petition.

Reading his petition in light of the criminal allegations that dominate therein—even if liberally construed—the general nature of Williamson's claim is an attempted criminal prosecution. We agree with the district court that Williamson cannot use civil litigation to prosecute the defendants for alleged criminal activity, and we discern no civil claim for which relief may be granted. So Williamson's filing falls below the standard required to survive dismissal.

As part of this appeal we also address Williamson's "Motions & Request to Pause & Stay," filed August 22, 2024. We are not persuaded that Williamson's

---

[2] Williamson's initial complaint was prolix and, in essence, accused a range of Iowa employees or agents of committing general crimes. The complaint was accompanied by two other filings: one filing titled "When Birds Cry!" that contained drawings, a biblical reference, and unexplained partial legal citations; and one letter with complaints about his treatment in prison. Williamson failed to serve the documents on the named defendants.

[3] These additional documents included: a filing titled "evidence" that identified the specific crimes he was alleging such as kidnapping, racketeering and organized crime, mail-related offenses, and blackmail; a filing that detailed his theory about alleged mail crimes and a related document appendix; and two administrative filings concerning service to defendants and an application to defer filing fees.

claim of "unusual and compelling circumstances" are either unusual or compelling; Williamson's filing history has shown his ability to comply with court deadlines.

And to the extent Williamson's motion asserts a stay is needed to comply with the order dated July 25, 2024, his argument fails. The July order struck improper filings. While that order stated that appellant's brief could cite to documents that are part of the district court record, such was not an order to amend appellant's brief. A previous order issued on April 8, 2024, advised Williamson that appellate courts are courts of review that do not hear issues not presented before the district court. Williamson filed his brief on May 5, 2024, and we have considered such brief. Accordingly, the pending motion and request is denied.

We find no legal error in the district court's dismissal. Because we agree that Williamson failed to set forth any cognizable civil claim for which relief could be granted, we affirm.[4]

**AFFIRMED.**

---

[4] The State requests that this court dismiss the claim as frivolous and impose a penalty against Williamson under Iowa Code section 610A.3 (2023). Because we affirm on the merits, we decline to impose sanctions. But Williamson is advised that persisting in pursuing civil actions that fail to state a claim for which relief may be granted places him at risk that a future court may dismiss the action as frivolous under 610A.2 and apply penalties, including "the loss of some or all of the earned time credits." *See* Iowa Code §§ 610A.2, 610A.3(1)(a).